# Shelby *v.* The State.

## *Shelby v. The State.*

*1. An ambiguous charge should be refused.*—A charge that "while the law seeks to punish the guilty, and to check crime, it never attempts to check crime by punishing the innocent or even the reasonably doubtfully innocent" is properly refused, as likely to mislead.

From the Mobile City Court.
Tried before the Hon. O. J. Semmes.

The defendant requested the following charge in writing and duly excepted to its refusal: (1) "While the law of the State seeks to punish the guilty and to check crime, it never attempts to check crime by punishing the innocent or reasonably doubtfully innocent."

Defendant was convicted and appeals.

W. L. Martin, Attorney-General, for the State, cited *Ward v. State*, 78 Ala. 441.

STONE, C. J.—This record presents but a single question— the refusal of the court to give a charge requested by the defendant. We suppose the intention was to have the jury instructed that it was no part of the law's purpose to punish any one of whose guilt the jury, weighing the testimony,

[Roney v. Simmons.]

entertained a reasonable doubt. The idea, however is not clearly expressed in the charge asked. Charges should be simple and unambiguous; and if so worded as to be likely to mislead the jury, and create doubt or confusion, in their interpretation, the court commits no error in their refusal. *Callan v. McDaniel*, 72 Ala. 96; *Dorgan v. State, Ib.* 173; *Ala. Gr. So. R. R. Co. v. Hill*, 76 Ala. 303; *Garlick v. State*, 79 Ala. 265; *Ala. Gr. So. R. R. Co. v. Heddleston*, 82 Ala. 218; *Ward v. State*, 78 Ala. 441; 3 Brick. Dig., 113, §110.

The City Court did not err in refusing to give the charge asked.

Affirmed.