# Ward v. The State.

## Assault With Intent to Murder.

(Decided Dec. 19, 1907.   45 South. 221.)

1. *Homicide; Pleas; Insanity; Evidence.*—Under a plea of insanity, and in the absence of other evidence of insanity, to support the pleas, evidence as to whether defendant's husband was at witness' house at the time of the cutting, and whether witness knew defendant's husband, and what their relations were, was improper, and, under the plea of not guilty, irrelevant.

2. *Criminal Law; Appeal; Instructions; Prejudice.*—Where one charged with assault with intent to murder is convicted of assault and battery, the refusal of the court to instruct on assault with intent to murder is not prejudicial.

3. *Same; Instructions; Invading Province of Jury.*—There being evidence sufficient to warrant a conviction for either of the offenses the court properly refused a charge asserting that if the jury believe the evidence they could not find the defendant guilty of assault with intent to murder, assault and battery, or assault with a deadly weapon.

4. *Same; Instructions Argumentative.*—Instructions which are mere arguments, or intended as answers to arguments of counsel, are properly refused.

5. *Misleading Instructions; Motive.*—Since motive must be inferred and cannot be actually proven, a charge that if the jury believe the evidence they should find that the state had not proven a motive is misleading, as tending to assert that the state is actually bound to prove a motive and its refusal proper.

APPEAL from Jefferson Circuit Court.

Heard before Hon. S. L. WEAVER.

Rosa Ward was convicted of assault and battery, and she appeals. Affirmed.

The defendant was charged with assaulting Florence Walker with intent to murder her. The pleas were not guilty, and not guilty by reason of insanity. On the cross-examination of Florence Walker, the defendant asked her the following questions: "Was Ed Ward, the husband of the defendant, at your house at the time of the cutting?" "Did you know the husband of the defendant, Ed Ward?" "Have you ever had any illegitimate

relations with the husband of the defendant, Rosa Ward?" Objections were interposed to each of these questions, and sustained. The record recites that the defendant did not testify in her own behalf and introduced no witnesses. No evidence of insanity was produced or offered.

The following charges were refused to the defendant: "(2) The court charges you, gentlemen of the jury, if you believe the evidence in this case, you must find the defendant not guilty of an assault to murder, or of assault and battery, or of an assault with a weapon. (3) The court charges you, gentlemen of the jury, that the argument of Mr. Allen, for the state, in which he said: 'Gentlemen of the jury, you do not have to look for a motive in this case; for you can see for yourselves, from the testimony, that Rosa Ward was hanging around the house of Florence Walker, watching for her husband, and she was jealous'—was an improper argument, and should not be considered in arriving at your verdict. (4) The court charges you, gentlemen of the jury, that the remarks of Mr. Allen, for the state, in his argument, that, 'if defendant's attorney had kept as quiet as his client, then there may have been proved no motive; but you could see, gentlemen of the jury, from defendant's attorney's cross-examination what the motive was'—was improper, and the fact that defendant failed to testify cannot be considered by you in arriving at your verdict. (5) The court charges you, gentlemen of the jury, if you believe the evidence in this case, you will find that the state has not proved a motive."

GEORGE BONDURANT, for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

[Ward v. The State.]

ANDERSON, J.—The objection to questions to the witness Florence Walker as to Ed Ward, the husband of defendant, were properly sustained. It was not relevant or material under the plea of not guilty. Nor does the record show that it was relevant under the plea of insanity. It might have become relevant in connection with other evidence tending to establish insanity; but we cannot put the trial court in error for sustaining the objections, in the absence of any evidence or offer of any evidence rendering it relevant or material and which was not introduced or offered.

The indictment charged a felony, an assault to murder, and the defendant was convicted of a misdemeanor, an assault and battery, and as the oral charge of the court, as well as charges 1 and 6, requested by the defendant, related only to an assault to murder, if there was error in giving the one and refusing the other two, which we need not and do not decide, it was error without injury.

Charge 2, requested by the defendant, was properly refused. In the first place, the defendant was acquitted of an assault to murder, and the evidence fully warranted its refusal as to an assault, or an assault with a weapon, and we might add as to an assault to murder.

Charges 3 and 4, requested by the defendant, were properly refused. They were answers to the argument of the prosecuting attorney, and have been repeatedly condemned by this court.

Charge 5, requested by the defendant, was properly refused. Motive is something to be inferred, and is not susceptible of actual proof. Yet the charge may have misled the jury to the belief that the state had to actually prove a motive, which is not incumbent upon it.

The judgment of the criminal court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.