# Baker *v.* The State.

## *Murder.*

(Decided May 7, 1912.  58 South. 971.)

1. *Homicide; Evidence.*—The exclusion of the question whether
deceased attempted to get a gun from the witness was not error as
no indication was given of the time or circumstances of the re-
quest, either in the question itself or in the previous examination.

2. *Same; Instructions.*—A charge that if deceased was pointing
his gun at defendant, and defendant had reason to believe that he
was in danger of death or great bodily harm, and fired under that
belief, he was not guilty, was properly refused in ignoring defend-
ant's freedom from fault, and his means of escape without increas-
ing his danger.

3. *Same.*—A charge asserting that the state having failed to prove
a motive on the part of the defendant the jury might look at that
in determining his guilt, and if, in the absence of proof of the
motive, they have a reasonable doubt of defendant's guilt, they
should acquit, was improper because capable of leading the jury to
the conclusion that the existence of a doubt on a consideration of
part of the evidence would warrant an acquittal, though such a
doubt might be dispelled by a consideration of the whole evidence,
and also as leading the jury to believe that it was incumbent on the
state to adduce affirmative evidence of the existence of a motive.

APPEAL from Chambers Circuit Court.
Heard before Hon. S. L. BREWER.

2 CA

Oscar Baker was indicted for murder in the second degree, and he appeals. Affirmed.

The evidence referred to in the opinion as objected to was evidence relative to the whereabouts of the defendant on the evening of the shooting, as to statements made by the defendant, and as to threats made by the defendant relative to the dead man; also evidence relative to the position or direction from which the shot came that killed the defendant; also to the introduction of the clothing worn by the deceased when he was shot.

The following charges were refused to the defendant: (3) "If the jury believe from the evidence that Man Rachael was pointing his gun at the defendant, and the defendant had reason to believe that he was in danger of death or great bodily harm at the time he fired at Man Rachael, and fired under this belief, then you should find the defendant not guilty." (6) "The state has failed to prove a motive on the part of the defendant to take the life of Man Rachael, and the jury may look to that in determining the question as to the guilt of the defendant, and if, in the absence of proof of such motive, the jury have a reasonable doubt of the guilt of the defendant, you should find him not guilty."

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The evidence of Baker as to the statements made by defendant was founded on the proper predicate.—*Bush v. The State,* 136 Ala. 85; *Huffman v. The State,* 130 Ala. 89; *Shields v. The State,* 104 Ala. 35. There was no error in the admission of the physician's testimony.— *Parrish v. The State,* 139 Ala. 16; *Braham v. The State,* 143 Ala. 28. The shirt worn by deceased was properly

introduced.—*Sanford v. The State,* 56 South. 134; *Barnett v. The State,* 165 Ala. 59; *Andrews v. The State,* 159 Ala. 14. The charges were properly refused.— *Welch v. The State,* 156 Ala. 112; *Bardin v. The State,* 143 Ala. 74; *Liner v. The State,* 124 Ala. 107.

WALKER, P. J.—A careful examination of the rulings to which exceptions were reserved by the defendant in the court of the introduction of evidence by the prosecution has not led to the discovery of any reversible error in either of those rulings. It is not deemed necessary to discuss those rulings in detail, as a statement of the reasons for sustaining them would be but an application of familiar principles of evidence.

There was no error in sustaining the state's objection to the question asked the defendant's witness Hale: "Did he [referring to the deceased] try to get your gun?" Neither the question itself, nor anything in the previous examination of the witness gave any indication of the time, place, or circumstances of the incident inquired about. The question might have elicited a statement as to some occurrence so separated in place and time from the one under investigation that it could not have had any connection with it or shed any light upon it. The materiality of the answer expected not being disclosed by the question, or otherwise made known, the cour cannot be put in error for sustaining an objection to it.

There was evidence upon which the jury could properly have convicted the defendant of an offense covered by the indictment, though the facts hypothesized in written charge 3 were found to exist. Besides, it improperly ignored the inquiries as to the defendant's freedom from fault, and as to his having a means of escape or retreat without increasing his peril. It was not error to refuse to give that charge.

·. Nor was the court in error in refusing to give charge 6 requested by the defendant. It was capable of misleading the jury to the conclusion that the existence of a doubt on a consideration of part of the evidence in the case would warrant an acquittal, though such doubt was dispelled by a consideration of all the evidence. It also was capable of improperly conveying the impression that it was incumbent on the state to adduce affirmative evidence of the existence of a motive on the part of the defendant to commit the crime charged.—*Nicholson v. State,* 117 Ala. 32, 23 South. 792; *Welch v. State,* 156 Ala. 112, 46 South. 856; *Ward v. State,* 153 Ala. 9, 45 South. 221.

Affirmed.