# McWilliams *v.* The State.

### *Murder.*

(Decided November 28th, 1912.  60 South. 101.)

*Homicide; Evidence; Admissibility.*—Where the homicide was not committed in self-defense, it was not admissible to introduce evidence of improper relations between decedent and the wife of defendant, before the homicide, where such relations were not so recently sustained as to justify any sudden passion and thus reduce the offense to manslaughter.

(Mayfield, Sayre and deGraffenried, JJ., dissent.)

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Sidney McWilliams was convicted of murder and he appeals. Affirmed.

BARNETT & BUGG, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General for the State.

ANDERSON, J.—The trial court declined to permit the defendant to show improper relations between the deceased and the said defendant's wife prior to the homicide. Counsel rely on the case of *Gafford v. State*, 122 Ala. 54 25 South. 10, as an authority to the effect that the trial court was in error. The court did there hold that proof of an adulterous relation between the deceased and defendant's sister was permissible; but, in defining the rule in said case, we think it justifies the exclusion of such evidence in the case at bar. Says the court: "If the question of self-defense were out of the case, it would be quite clear that all testimony of this character would be inadmissible for the purpose of justifying the murder, and would be equally unavailing to reduce the killing from murder to manslaughter, unless the circumstances of such provocation were of such a character as were reasonably calculated to provoke sudden passion and resentment, and the homicide was traceable solely to the influence of passion thus engendered. For example, if the defendant had discovered deceased and his sister in the act of adultery, and, under the influence of sudden passion thus aroused, had slain him, then the killing would not have been willful, malicious, deliberate, and premeditated, or murder in the first degree, but murder in the second degree, or, according to circumstances, manslaughter in the first degree."

The defendant was not in a position to invoke self-defense, as the undisputed evidence shows that he was not entirely free from fault in provoking the difficulty. —*Scroggins v. State*, 120 Ala. 369, 25 South. 180. There was evidence that the deceased had threatened him, which had been communicated to him, and notwith-

standing the deceased addressed him in friendly terms when returning down the road, and the defendant well knowing of the ill will between them, or towards him accosted the deceased by wanting to know "what he was doing with his wife on the mule." Nor did the evidence rejected show such a recent act of adultery as to bring it within the rule as laid down in the second proposition discussed in the above quotation.

There was no error in refusing to allow counsel to argue upon facts properly excluded from the evidence, nor in refusing the defendant's requested charges. The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SOMERVILLE, JJ., concur. MAYFIELD, SAYRE, and DE GRAFFENRIED, JJ., dissent.