# Gibson *v.* The State.

## *Murder.*

(Decided December 19, 1912.   60 South. 532.)

1. *Homicide; Evidence; Threats; Hearsay.*—Where the defendant claimed that deceased had made certain threats against him which had been communicated to him by one M., and was asked what M. had said and answered that he informed him that deceased had said that he had been advised to blow defendant's head off, and intended to do it, and that M. told him to watch deceased very closely, it was proper to exclude the latter part of the answer as being hearsay and irrelevant.

2. *Same; Instructions; Ignoring Evidence.*—A charge asserting that any remark made by defendant concerning the wife of deceased would not be such acts and misconduct on the part of defendant as to put him in fault in bringing on the difficulty, and also that if such statement was known to deceased for several months, that would not be evidence that the defendant was at fault in bringing on the difficulty, were objectionable as being misleading and also as pretermitting other testimony in the case from which the jury

might have found that the defendant was at fault in bringing on the difficulty.

3. *Same; Argumentative Instructions.*—A charge asserting that if defendant had stated that he had hugged and kissed deceased's wife, and such facts were known to deceased, for several months, evidence thereof would not be sufficient to show that defendant was at fault in bringing on the difficulty, was purely argumentative and properly refused.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Marion Gibson was convicted of manslaughter, and he appeals. Affirmed.

The following charges are refused to the defendant:

(13) "Any remarks made by the defendant about the deceased's wife, if you find such remarks were made, would not be such acts and conduct on the part of the, defendant as to put him at fault in bringing on the difficulty at the time of the killing.

(14) "The court charges the jury that if it be a fact that the defendant had stated that he had hugged and kissed Wood's wife, and that these facts were known to Wood for several months, would not be evidence showing that defendant was at fault in bringing on the difficulty resulting in the killing of deceased."

A. A. GRIFFITH, F. E. ST. JOHN, and CALLAHAN & HARRIS, for appellant. The court was in error in excluding the statement made by the defendant that he was advised to closely watch the decedent when taken in connection with the evidence of threats.—1 Wigmore, sec. 246; 61 Am. Dec. 55; Jones on Evid. sec. 146; 10 S. E. 792; *Franklin v. The State,* 29 Ala. 17; 3 Wig. sec. 1969. The court erred in refusing the charges requested.—*Rogers v. The State,* 117 Ala. 9; *Kennedy v. The State,* 140 Ala. 1; *Compton v. Smith,* 120 Ala. 233; *Brown v. The State,* 49 South. 336; 1678; 11 Enc. P. & P. 189.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State.

PELHAM, J.—The defendant, being on trial on an
indictment charging him with the murder of one Cicero
Woods, testified as a witness in his own behalf that one
Frank Methvin had communicated to him certain
threats made against him by Woods, the deceased, be-
fore the fatal difficulty out of which the prosecution
sprang. In this connection the bill of exceptions recites
that the defendant's counsel asked the defendant, when
being examined as a witness in his own behalf, the fol-
lowing question: "What did he say Woods had said?"
To which question the defendant made the following re-
ply: "Frank told me that Woods had said he had been
advised to blow my head off, and he intended to do it,
and told me to watch him [Woods] very closely."
Thereupon the state's counsel objected to that portion
of the answer of the witness, "and told me to watch
him very closely," and moved to exclude such portion of
the answer. The court sustained the objection, and ex-
cluded that part of the answer, and to this ruling of the
court the defendant's counsel reserved an exception.

We can see no error in the court's action in this par-
ticular. That portion of the answer excluded was not
responsive to the question, which called only for what
Methvin had informed the witness that Woods had said,
and did not include any other statement made by Meth-
vin to the defendant. That part of the answer of the
witness excluded was no part of the narrative of the
threat, nor even a statement made by the deceased, but
an independent remark made by Methvin to the defend-
ant. The effect of the threat on the mind of Methvin
and his advice to the defendant in that connection could
not properly be made a part of the threat communicat-

ed, but was purely hearsay testimony, and falls within the rule applicable to such testimony, and was properly excluded by the court on motion of the state. The witness was allowed to testify to the threat and that it was communicated. That was all that was relevant.—*Bluett v. State,* 151 Ala. 41, 53, 44 South. 84.

Charges 13 and 14 are not such clear statements of legal propositions that the court can be put in error for their refusal.—*Adams v. State,* 115 Ala. 90, 20 South. 612, 67 Am. St. Rep. 17; *Crawford v. State,* 112 Ala. 1, 21 South. 214. As applicable to the evidence of the case, these charges are misleading. They point out and call undue attention to a part of the evidence, and ignore the effect or tendency of other parts of the evidence, going to show that the defendant was not free from fault in bringing on the difficulty. It was the theory of the defense that the defendant was acting in self-defense in slaying the deceased. The defendant sought to strengthen this phase of his defense by showing that the deceased entertained ill will towards him and had made threats against him. It was shown by the evidence that this ill will entertained by the deceased, and the threats made by him against the defendant, grew out of certain remarks made by the defendant at a previous time about the wife of the deceased, reflecting upon her conduct. There was other evidence having a tendency to show the defendant was not entirely free from fault in bringing on the difficulty, and these charges ignore this evidence and were misleading for that reason. They might be construed as taking for granted that the defendant was otherwise entirely free from fault, and this was not an undisputed fact, as there was evidence of the conduct of the defendant having a tendency to show to the contrary.—See *Andrews v. State,* 152 Ala. 16, 44 South. 696.

Under the rulings in *Ward's Case,* 153 Ala. 9, 45 South. 221, and *Morris' Case,* 146 Ala. 66, 41 South. 274, charge 14, and probably charge 13 also, is argumentative. Both charges accentuate a part, and ignore the effect or tendency of other parts, or phases, of the evidence, and are calculated to mislead. Such charges have uniformly been held to be properly refused.—*Rigsby v. State,* 152 Ala. 9, 44 South. 608; *Hill v. State,* 156 Ala. 3, 46 South. 864; *So. Ry. Co. v. Hobbs,* 151 Ala. 335, 43 South. 844; *A. & B. A. L. Ry. Co. v. Wheeler,* 154 Ala. 530, 46 South. 262; *Shelby v. State,* 97 Ala. 87, 11 South. 727; *Ward v. State,* 78 Ala. 441; *Garlick v. State,* 79 Ala. 265; *Dorgan v. State,* 72 Ala. 173.

The questions we have discussed are the only matters insisted upon as showing error in a well-prepared brief of counsel for appellant. We have examined the entire record, but find no reversible error; and the case will be affirmed.

Affirmed.