# Bolin v. The State.

## Murder.

(Decided April 16, 1914. Rehearing denied May 14, 1914. 65 South. 433.)

1. *Homicide; Instruction; Acquittal of Higher Degree.*—Any errors in charges given for the state in defining murder are rendered harmless, and will not constitute reversible error where the conviction was for manslaughter.

2. *New Trial; Criminal Case.*—The refusal to grant a new trial in a criminal case is not revisable on appeal.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Louise Bolin was convicted of manslaughter and she appeals. Affirmed.

G. O. CHENAULT, for appellant. The Supreme Court entertained and passed on motion for a new trial in a. criminal case in the case of *Lowery v. State,* 98 Ala. 45. The verdict should be set aside on account of the relationship of a juror.—*Sowell v. Brewton,* 119 Ala. 93. The preponderance of the evidence was decidedly against the verdict.—*Bir. Nat. Bank v. Bradley,* 116. Ala. 142. The court erroneously gave charges 1 and 2 for the state.—*Hampton v. State,* 45 Ala. 82; *Martin. v. State,* 47 Ala. 564.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Unless it plainly appears that the court abused its discretion in refusing to grant a new trial, its action will not be reviewed in a criminal case.—*Mangall v. State,* 1 Ala. App. 189; *Glenn v. State,* 157 Ala. 12; *Smith v. State,*. 165 Ala. 50. The charges given for the state define mur--

der, and the defendant was convicted of manslaughter only, any error committed therein was harmless.—*Hornsby v. State,* 94 Ala. 55; *Parnell v. State,* 129 Ala. 6; *Wood v. State,* 152 Ala. 9.

PELHAM, J.—The defendant was indicted for murder in the first degree, and convicted of manslaughter in the first degree, and made a motion for a new trial, which was overruled by the court. Defendant insists here that we review that ruling of the trial court on this appeal. It is too well established in this state to require discussion that the action of the primary court on motions for a new trial in criminal cases is not revisable in the appellate courts.—*Franklin v. State,* 29 Ala. 14; *Brister v. State,* 26 Ala. 107; *Walker v. State,* 91 Ala. 76, 9 South. 87; *Cooper v. State,* 88 Ala. 107, 7 South. 47; *Burrage v. State,* 113 Ala. 108; *Dorsey v. State,* 107 Ala. 157, 18 South. 199; *Dawson v. State,* 148 Ala. 672, 41 South. 803; *Smith v. State,* 165 Ala. 50, 51 South. 610; *Mangrall v. State,* 1 Ala. App. 189, 55 South. 446.

The defendant was found guilty of manslaughter, and even if the charges given at the request of the state, numbered 1, 2, 3, and 4 in the transcript, defining murder, were incorrect, this would not be reversible error.—*Parnell v. State,* 129 Ala. 6, 29 South. 860; *Ward v. State,* 153 Ala. 9, 45 South. 221; *Horsby v. State,* 94 Ala. 55, 10 South. 522, 526.

We find no error in the record.

Affirmed.