LEE v. STATE. (4 Div. 489.)

(Court of Appeals of Alabama. April 17, 1917.)

1. HOMICIDE ☞193—EVIDENCE—ADMISSIBIL-
ITY.

Where defendant had not shown that a pis-
tol found near deceased was ever in the latter's
possession, it was not error to exclude testimony
that deceased had on the day of the homicide
borrowed a pistol from witness.

[Ed. Note.—For other cases, see Homicide,
Cent. Dig. § 416.]

2. CRIMINAL LAW ☞1170(3)—APPEAL—HARM-
LESS ERROR.

But error, if any, in such exclusion was cur-
ed by subsequent admission of the testimony
after the defendant had testified that deceased
took the pistol from his hip pocket.

[Ed. Note.—For other cases, see Criminal
Law, Cent. Dig. § 3147.]

3. HOMICIDE ☞338(5)—APPEAL—EVIDENCE—
ADMISSIBILITY—CURE OF ERROR.

Error, if any, in admitting letter imputing
unchastity to defendant's wife, alleged not to
have been sufficiently identified, was cured where
defendant was convicted of manslaughter, and
the letter, if believed, would have authorized
conviction of murder.

[Ed. Note.—For other cases, see Homicide,
Cent. Dig. § 713.]

4. CRIMINAL LAW ☞1120(3) — APPEAL —
SCOPE.

Rulings of the court rejecting testimony can-
not be reviewed when the object or the purpose
of the testimony is not set out or the expected
answer does not appear.

[Ed. Note.—For other cases, see Criminal
Law, Cent. Dig. §§ 2931, 2932.]

5. HOMICIDE ☞181—EVIDENCE—ADMISSIBIL-
ITY.

In absence of evidence of self-defense, de-
fendant's wife could not testify to former illicit
acts between herself and deceased.

[Ed. Note.—For other cases, see Homicide,
Cent. Dig. §§ 383–385.]

6. CRIMINAL LAW ☞419, 420(10)—EVIDENCE
—ADMISSIBILITY—HEARSAY.

It was not error to exclude testimony of a
witness that deceased told him he was at de-
fendant's house, that being hearsay.

[Ed. Note.—For other cases, see Criminal
Law, Cent. Dig. §§ 980–983.]

Appeal from Circuit Court, Geneva Coun-
ty; H. A. Pearce, Judge.

Ammie Lee was convicted of manslaughter,
and he appeals. Affirmed.

The defendant was indicted and tried in
the court below upon a charge of murder in
the first degree, and was convicted of man-
slaughter, and from the judgment of convic-
tion he appeals. Upon the trial there were
certain exceptions reserved to the rulings of
the court on the evidence. The facts suffi-
cient to a decision on these questions appear
in the opinion.

W. O. Mulkey, of Geneva, and N. H. Mix-
son, of Samson, for appellant. W. L. Mar-
tin, Atty. Gen., and Harwell G. Davis, Asst.
Atty. Gen., for the State.

SAMFORD, J. [1, 2] The defendant sought
to prove by one Tom Farmer that a pis-
tol found near the body of the deceased was
the property of the witness, and that the wit-
ness had let the deceased have it the morning
before the killing took place that night. The
court sustained the state's objection to this
testimony, and the defendant excepted. At
the time this testimony was offered there
was no testimony tending to show that the
pistol had ever been in the possession of the
deceased, or that the deceased had ever at-
tempted to use the pistol, or that the de-
fendant killed deceased in self-defense. The
testimony was therefore irrelevant. After
the defendant had testified that just before he
fired deceased reached for his pistol, which
was in his hip pocket, and that this was the
pistol, the witness Farmer was recalled and
testified as to the ownership of the pistol
and what he knew of the possession. The
court did not commit error in the first in-
stance, but if it did, such error was cured by
the subsequent admission of testimony. Kir-
by v. State, 151 Ala. 66, 44 South. 38; Un-
treinor v. State, 146 Ala. 26, 41 South. 285.

[3] The next assignment of error contends
that the court committed error in permitting
the state to introduce a letter addressed to
the defendant, which letter is in the following
words: "If you will pretend that you have
gone from home for a day and watch, you
will see things that will open your eyes."
The main objection to this letter's introduc-
tion is that it is not sufficiently identified.
Several witnesses testified about it, and when
it was offered the defendant objected. The
court asked the question: "From whom was
the letter obtained?" The solicitor answer-
ed: "Mr. Lee gave it to Mr. Davis." With
what had already been testified to, we think
this sufficiently identifies the letter; and
besides, the verdict of the jury cured any
possible injury that might have been claimed
on account of the letter. The letter could
only have been used as tending to convict the
defendant of one of the degrees of murder;
and by his own testimony he was guilty of
manslaughter, unless he was justified upon
his plea of self-defense. "That portion of the
alleged errors of the trial court which relates
* * * to or affects solely that ground of
the defense that was based on the theory that
the killing was done under a sudden heat of
passion was, if error, error without injury."
Rigell v. State, 8 Ala. App. 46, 62 South. 977.

[4] The above also applies to that part of
the testimony with regard to the defendant's
pretended visit to Pensacola; and besides, it
does not appear what evidence was excluded.
Rulings of the court rejecting testimony
cannot be reviewed when the object or the
purpose of the testimony is not set out or the
expected answer does not appear. Poe v.
State, 155 Ala. 31, 46 South. 521.

[5, 6] The defendant offered to prove by his
wife certain facts which he contended tended
to show previous illicit relations between

witness and deceased, which the court re-fused to permit. This was not error, as at that time there was no evidence tending to show self-defense. McWilliams v. State, 178 Ala. 68, 60 South. 101. After the defendant had testified to facts tending to show self-defense, the defendant offered to show state-ments prior to the killing to the effect that Ward had told Stickey that he (Ward) had been at the defendant's house since 11 o'clock, and could not get out on account of people going to church, and that he was going back. The court refused to permit this evidence, and the defendant excepted. This was not error, the testimony being hearsay. Kirby v. State, 89 Ala. 63, 8 South. 110; Sanford v. State, 143 Ala. 78, 39 South. 370.

There is no error in the record, and the judgment is affirmed.

Affirmed.