(93 South. 76)

**DOWNS v. STATE. (6 Div. 5.)**

(Court of Appeals of Alabama. April 4, 1922. Rehearing Denied April 18, 1922.)

Homicide ⬅189, 190(1)—Relative to self-defense, letters of deceased admissible on questions of motive and who was aggressor.

Letters of deceased, not only because showing desire for illicit relations with defendant's wife, and jealousy on her account extending to defendant, but also because containing threats against defendant, are admissible on the question of who was the aggressor, and to show motive on deceased's part; defendant's evidence supporting his claim of self-defense.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Ike Downs was convicted of murder in the second degree, and he appeals. Reversed and remanded.

L. D. Gray and Ernest Lacy, both of Jasper, for appellant.

The court erred in not permitting the introduction of the letters identified as having been written by the deceased to the defendant and his wife. 122 Ala. 54, 25 South. 10; 8 Ala. App. 54, 62 South. 977; 11 Ala. App. 63, 65 South. 732; 11 Ala. App. 91, 65 South. 863; 204 Ala. 124, 85 South. 789. Counsel discuss other assignments of error; but, as they are not treated in the opinion, it is not deemed necessary to here set them out.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The defendant was not in a position to invoke self-defense, and hence the letters were not admissible. 178 Ala. 68, 60 South. 101.

BRICKEN, P. J. Under an indictment charging the defendant with the offense of murder in the second degree, he was convicted of that offense, and the punishment fixed at 10 years' imprisonment in the penitentiary.

The defendant pleaded not guilty to the indictment, but did not deny that he killed deceased by shooting him with a pistol. He claimed self-defense, and strenuously insisted that at the time he fired the fatal shot he was in actual imminent danger of losing his life or suffering grievous bodily harm at the hands of deceased, who was shooting at him in close proximity, with a pistol. He further contended that there was no reasonable mode of escape without increasing his danger from the deadly attack being made upon him by deceased, and he also insisted that he was free from all fault in provoking or bringing on the difficulty which resulted in the death of Williams the deceased named in the indictment. The state, on the other hand, insisted that the defendant unlawfully and with malice aforethought, but without deliberation or premeditation, killed the deceased by shooting him with a pistol, as charged in the indictment.

As there appears some evidence to sustain these separate contentions, it would appear that the crucial point for the determination of the jury was as to which of the two participants in the fatal difficulty was the aggressor. To the end of determining this all-important question, the court should have permitted any legal evidence tending to show this fact, and any legal evidence the tendency of which would show a motive upon the part of either of the respective parties to the combat or difficulty.

The state, in order to show motive upon the part of defendant, was permitted to introduce such evidence as it had at hand to this end. The defendant was denied the right to offer his principal, and what appears to be his most material, evidence in this connection, which consisted of several letters or notes written by deceased to the wife of defendant, and one or two such letters written by deceased to the defendant and his wife jointly. These letters were sufficiently identified by other testimony, and were offered in evidence, but upon the state's objection to their introduction they were not allowed, and this ruling of the court, to which exception was reserved, is insisted upon as error injuriously affecting the substantial rights of the defendant. These letters are set out in the bill of exceptions and have been carefully examined. They are of a most unusual character, but it is clearly evident that the tendency of each of them would indicate an inordinate desire upon the part of the deceased to enter into improper and illicit relations with the wife of defendant, and the statements contained in some of these letters, if true, would have the tendency to indicate that such relations already existed between the writer (deceased) and the wife of defendant. There can be no doubt that this fact, the fact of the letters, led up to and was the real cause of the fatal difficulty, resulting in the death of Williams, the purported writer of the letters, by the husband of the woman to whom he wrote them. As before stated, the evidence was in sharp conflict as to which of the two men was the aggressor. This brings us, then, to the question: Was the defendant entitled to this testimony, as tending to show a motive

for the deceased being the aggressor in the fatal difficulty?

In Gafford v. State, 122 Ala. 54, 25 South. 10, it was held that testimony of similar character was admissible for this purpose; but this doctrine has been limited strictly to where the testimony showed that the defendant (as here) claimed self-defense, and was entitled under the evidence to it as a defense. It has been further held that, if the defendant is not in a position to invoke self-defense, such testimony is not admissible. McWilliams v. State, 178 Ala. 68, 60 South. 101. The letters in question also contain threats against the defendant, and, in order to shed further light upon the subject under discussion, were admissible also for that purpose. In addition to this, a reasonably fair construction upon several of these letters was that the deceased manifested extreme jealousy in connection with the wife of defendant; said jealousy extending, not only to one Jones, a boarder in the house of defendant, but also to the defendant himself. For these reasons, we are of the opinion that the letters should have been admitted in evidence, as tending to shed light on the controverted question as to who was the aggressor in the fatal difficulty, and were also admissible on the question of motive upon the part of deceased. Hardaman v. State, 16 Ala. App. 408, 78 South. 324.

Other rulings of the court upon the testimony insisted upon as error, if error at all, do not appear to be of that hurtful or injurious character which would necessitate a reversal of this cause, and in all probability will not occur again upon another trial. No other questions presented appear to need discussion.

For the error designated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.