(93 South. 382)

## NEELY v. STATE. (8 Div. 857.)

(Court of Appeals of Alabama. June 6, 1922.)

1. Criminal law ☞1088(11)—No review of refused requests not properly authenticated.

The refusal to give requests which bear no indorsement of the trial judge, and do not appear to have been filed with the clerk of court, cannot be considered.

2. Criminal law ☞753(2)—Where there is any evidence tending to show defendant's guilt, affirmative charge refused.

The general affirmative charge should never be given, where there is any evidence, however weak it may be, which tends to show the guilt of the party requesting it.

3. Witnesses ☞366—Cross-examination concerning indictment against witness permissible to show interest or bias.

In a prosecution for violating the prohibition laws, it was proper to cross-examine defendant's witness concerning whether he was under indictment for making the whisky in question, as this would tend to show interest or bias.

Appeal from Lawrence County Court; J. E. Kumpe, Judge.

Frank Neely was convicted of violating the prohibition law, and he appealed. Affirmed.

The indictment and the demurrers thereto will be found stated in the case of Ex parte State ex rel. Attorney General, in re Neely v. State, 207 Ala. 585, 93 South. 382.

G. O. Chenault, of Albany, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The demurrers to the indictment were properly overruled. 87 South. 527; ante, p. 101, 90 South. 138; Acts 1919, p. 7; sections 7139 and 7151, Code 1907. The charges are not presented for review.

BRICKEN, P. J. The former opinion rendered by this court in this case is withdrawn, and under the authority of Ex parte State ex rel. Attorney General, Neely v. State (Ala. Sup.) 93 South. 382,[1] we hold that the demurrers to the indictment were properly overruled.

[1] Special charges 3, 4, 5, and 6, alleged to have been refused to defendant, are not properly authenticated. They bear no indorsement of the trial judge, nor do they appear to have been filed with the clerk of the court. It follows, therefore, that these charges cannot be considered.

[2] There was some evidence, adduced upon this trial, tending directly to show defendant's guilt. Therefore charge No. 1 (the general affirmative charge) was properly refused. The rule is that the general charge should never be given, when there is any evidence, however weak and inconclusive it may be, which tends to make a case against the party who asks it.

[3] On cross-examination of defendant's witness Jim Burchell the court overruled defendant's objection to this question asked by the solicitor, "You are under indictment now for making that whisky, ain't you?" In this ruling of the court there was no error. White v. State, 12 Ala. App. 160, 68 South. 521; Coplon v. State, 15 Ala. App. 331, 73 South. 225. It is always permissible to ask questions on cross-examination having a tendency to elicit testimony showing the interest or bias of a witness. Phillips v. State, 11 Ala. App. 168, 65 South. 673; Byrd v. State, 17 Ala. App. 301, 84 South. 777.

Other rulings of the court upon the testimony, to which exceptions were reserved, have been examined, and are free from error.

The record is without error. Let the judgment of the circuit court stand affirmed.

Affirmed.