BREWINGTON v. STATE. (8 Div. 83.)

(Court of Appeals of Alabama. June 30, 1923. Rehearing Stricken Oct. 16, 1923.)

1. Criminal law ⊙⇒193½—Indictment and information ⊙⇒189(8)—Indictment for murder in the first degree embraces charges of all lesser degrees.

An indictment for murder in the first degree embraces all the lesser degrees, and a conviction of the lesser degree is an acquittal of all the higher degrees of crime covered by the indictment.

2. Homicide ⊙⇒335—Errors relating to a charge of murder harmless where conviction of manslaughter operated as an acquittal of the charge of murder.

Where defendant was tried and convicted of manslaughter under an indictment for murder, operating as an acquittal of the higher charge, failure of the record to show a special venire drawn, summoned, and served on defendant, or waived, as in capital cases, as required by Code 1907, § 7264, is not grounds for reversal under Supreme Court rule 45 (61 South. ix), that, a conviction of a lower degree of a crime charged in an indictment being in effect an acquittal of the higher, erroneous rules of the court relating to the higher crime are without injury.

3. Criminal law ⊙⇒1088(11)—Charges not indorsed as required by statute not considered on appeal.

Notwithstanding a statement of the clerk that certain charges were requested by defendant and refused by the court, not being indorsed as required by Acts 1915, p. 815, they will not be considered on appeal.

4. Criminal law ⊙⇒844(1)—Exceptions of defendant to charge as to doctrine of retreat held sufficient.

Where the court charged that, if defendant could have retreated in safety, he could not invoke self-defense, exceptions to the effect that, if defendant could have retreated in safety to himself, and, if defendant had an open and safe way, of retreat to safety, self-defense could not be invoked, were sufficient to direct the judge's attention to that part of the charge and principle of law to which exceptions were taken.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Criminal law ⬅823(6)—Erroneous charge on self-defense held not cured by correct charge, not being specifically modified or corrected.**

A charge that, if defendant could have retreated in 'safety, he could not invoke self-defense, must stand and be considered as part of the oral charge to the jury where it is not specifically modified or corrected, though the court in a different connection stated the correct rule of defense.

**6. Homicide ⬅118(1)—If way of retreat was not apparent to defendant, it would not deprive him of the right of self-defense.**

A charge that, if defendant could have retreated in safety, he could not invoke self-defense, places too great a burden on defendant; for he might have an absolutely safe way of retreat, yet, if it was not reasonably apparent to him, it would not deprive him of the right of self-defense.

On Rehearing.

**7. Criminal law ⬅1133—Where appellee did not file brief on original submission, and appellant did, application of appellee for rehearing on reversal stricken.**

Where appellee did not file brief on original submission as required by Supreme Court rule 38, as amended (207 Ala. xii), and appellant did comply, no reason obtaining for a further consideration of the case, the application of appellee on reversal for rehearing is stricken.

Appeal from Circuit Court, Lawrence County; Osceola Kyle, Judge.

Herman Brewington was convicted of manslaughter in the first degree, and appeals. Reversed and remanded.

Robert Almon, of Moulton, and Callahan & Harris, of Decatur, for appellant.

In capital cases, the statutory orders of the court, such as fixing the number of special venire, service on defendant, etc., are judicial acts, which the court must perform, unless there is a waiver in the manner provided by the statute. Shaffer v. State, 202 Ala. 243, 80 South. 81; Glass v. State, 203 Ala. 219, 82 South. 469; Bankhead v. State, 124 Ala. 14, 26 South. 979; Kilgore v. State, 124 Ala. 24, 27 South. 4; Washington v. State, 81 Ala. 35, 1 South. 18; Code 1907, § 7264. It must reasonably appear to the defendant that he could avoid the difficulty by retreating. King v. State, 17 Ala. App. 536, 87 South. 701; Cleveland v. State, 86 Ala. 1, 5 South. 426; Keith v. State, 97 Ala. 32, 11 South. 914; Hammil v. State, 90 Ala. 577, 8 South. 380; Perry v. State, 94 Ala. 25, 10 South. 650; Love v. State, 17 Ala. App. 149, 82 South. 639; Storey v. State, 71 Ala. 336; Gibson v. State, 89 Ala. 127, 8 South. 98, 18 Am. St. Rep. 96; Hill v. State, 194 Ala. 11, 69 South. 941, 2 A. L. R. 509; Shell v. State, 88 Ala. 14, 7 South. 40.

Harwell G. Davis, Atty. Gen., for the State.

No brief on original hearing reached the Reporter.

SAMFORD, J. The defendant insists he is entitled to a reversal of the judgment because the record proper fails to show a special venire drawn, summoned, and served on defendant as in capital cases made and provided, or a waiver thereof entered of record, as is required by section 7264 of the Code of 1907.

[1, 2] An indictment for murder in the first degree embraces charges of all the lesser degrees of homicide, as well as certain crimes of a lesser degree. A conviction of a lesser degree of crime is an acquittal of all the higher degrees of the crime covered by the indictment. This court has consistently held that, where the conviction is for a lower degree of the crime charged in the indictment, rulings of the court affecting and relating solely to the higher crime, of which, by a conviction for the lesser, the defendant was acquitted, would, if error, be without injury under Supreme Court rule 45 (61 South. ix). Rigell v. State, 8 Ala. App. 46, 62 South. 977; Lee v. State, 16 Ala. App. 53, 75 South. 282; Bolin v. State, 11 Ala. App. 35, 65 South. 433; 8 Mich. Dig. 394, par. 271.

The rulings in the cases supra were on charges and evidence, but in Leonard v. State, 18 Ala. App. 427, 93 South. 56, the same rule was applied to pleading, and in Andrews v. State, 17 Ala. App. 456, 85 South. 840, to qualification of jurors for the trial of the case. We see no good reason for not applying the rule here. It is only in capital cases that a special venire is required to be drawn. If the indictment had been drawn in four counts, charging the various degrees of homicide, the state could have entered a nol. pros. as to the count charging the highest degree, and proceeded to trial on the remaining counts. In that event defendant would not be entitled to a special venire. The defendant was tried and convicted by a jury duly and legally authorized to try and determine the guilt of the defendant on the charge of which he was convicted under the indictment presented and to which he pleaded. The judgment therefore is a bar to any further proceedings, and is in effect an acquittal of the charge of murder. If the conviction had been for murder in the first degree, and the court's rulings were error, the defendant could complain, but we fail to see how, in this case, he is injured.

[3] There are certain charges appearing in the record proper, preceded by a statement of the clerk that such charges were requested by the defendant and refused by the court, but none of these charges are so indorsed as

required by Acts 1915, p. 815. We cannot consider them. Wimberly v. State, 204 Ala. 629, 86 South. 900; Sharpley v. State, 18 Ala. App. 620, 93 South. 210; Neely v. State, 18 Ala. App. 565, 93 South. 382.

[4] The court, during the delivery of its oral charge, said:

"But, if you find that he [defendant] could have retreated in safety to himself, without having to take the life of Fred Ayers, then, gentlemen, this defendant cannot invoke self-defense."

In reserving exception to the court's oral charge, the defendant excepted to the following as being parts of the charge:

"If you find that the defendant could have retreated in safety to himself, then he cannot invoke the doctrine of self-defense,"—and "if you find that he [the defendant] had an open and safe way of retreat to safety, he cannot invoke the doctrine of self-defense."

Under the ruling in the case of Ex parte Cowart, 201 Ala. 55, 77 South. 349, we are constrained to hold that these exceptions were sufficient to direct the attention of the trial judge to the part of the charge, and to designate with sufficient certainty the principle of law announced therein to which exception was taken.

[5, 6] It is true that afterwards in the oral charge and in a different connection the court stated the correct rule of self-defense as applicable to this case, which did not require retreat on the part of defendant, but nowhere in the oral charge or by charge in writing is this statement specifically modified or corrected. It therefore must stand and be considered as a part of the court's oral charge to the jury, by which they were to be governed in weighing the evidence and arriving at a verdict. This charge of the court puts too great a burden on the defendant. The mode of escape must have been reasonably apparent to the defendant. The facts in a case might show an absolutely safe way of retreat, and yet, if such way was not reasonably apparent to defendant, it would not deprive him of his right to strike in defense of his life or limb. Love v. State, 17 Ala. App. 149, 82 South. 639; Oldacre v. State, 196 Ala. 690, 72 South. 303; Carroll v. State, 12 Ala. App. 69, 68 South. 530; Perry v. State, 94 Ala. 25, 10 South. 650. When we find the rule clearly stated by so eminent an authority as Stone, C. J., in the last-cited case, in which he uses the words "apparently reasonable opportunity for safe escape by flight," we need not go further, but we may say the same rule is stated with sustaining authorities in 13 R. C. L. p. 824, par. 128. The fact that the court, in a subsequent part of his oral charge and by written charges, correctly charged the law of self-defense, as applicable to this case, without specifically cor-recting the erroneous part of the charge, does not cure the error. Vacalis v. State, 204 Ala. 345, 86 South. 92.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

### On Rehearing.

[7] It appearing that the appellee did not file brief on original submission of the cause as required by Supreme Court rule 38 as amended (207 Ala. xii), and that appellant did comply with said rule, and it appearing that no good reason obtains for a further consideration of this cause, the application is stricken. Caraway v. State, 207 Ala. 588, 93 South. 548; Supreme Court rule 38 as amended (207 Ala. xii).