35 So.2d 574

## CAIN v. STATE.
### 8 Div. 607.

Court of Appeals of Alabama.
May 25, 1948.

R. B. Patton and D. U. Patton, both of Athens, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

## HARWOOD, Judge.

This appellant was indicted, tried, and convicted of assault with intent to murder.

Appellant's wife was the assaulted party, and for convenience we will hereinafter refer to her as the prosecutrix.

The prosecutrix and appellant had been married for some nineteen years. About ten days prior to this assault the prosecutrix had left the appellant.

On the morning on which the difficulty occurred the prosecutrix went to a bus station in Athens and purchased a ticket. The appellant came upon her there and purchased a similar ticket. The prosecutrix then obtained a taxicab. Just as she entered the cab the appellant got in with her, and they rode until both left the cab a short distance from the home of prosecutrix's mother.

From this point on the State's evidence is in hopeless conflict with that presented by the defense.

Evidence presented by the state tended to show that as this couple walked down a road toward the home of the mother of the prosecutrix the appellant began to abuse the prosecutrix and demand money. Upon refusal of this demand he hit prosecutrix and while she was lying on the ground from the blows he got on top of her, and pulling a pistol shot her twice in the neck.

The wounds inflicted were severe, and the prosecutrix's left arm is partially paralyzed from their effects.

Dr. Dupuy, a medical expert, testified as to the wounds present on the prosecutrix when he treated her shortly after she was shot. In Dr. Dupuy's opinion the wounds were made by bullets, one of which went through prosecutrix's neck, while there was no exit wound for the other bullet.

Some two months after the shooting, and after the infection had subsided, Dr. Dupuy removed a bullet from the body of the prosecutrix.

Over the objection of the appellant a bullet, identified by Dr. Dupuy as being similar to the one so removed, and in his opinion being the same bullet, was received in evidence.

Testifying in his own behalf the defendant contended that as he and the prosecutrix walked down the road he protested to her concerning her association with a man by the name of Oscar Mason. The prosecutrix replied she was tired of appellant bringing this matter up, and began to hit and kick him. A scuffle ensued, and a pistol in a shopping bag carried by the prosecutrix went off.

Appellant claims that after the prosecutrix was thus wounded he ran into town, and then after leaving word at Dr. Dupuy's office for the doctor to go to his wife, he caught a train just arriving in Athens and departed. Appellant did not return to Athens for something like two years.

Appellant's motion for a new trial duly filed in the court below was overruled. This motion alleges some twenty-four grounds of error.

Among these grounds it is asserted that the court erred in sustaining the State's objection to several questions propounded to the prosecutrix on cross examination seeking testimony as to her association with the man Oscar Mason at times prior to this shooting.

It is only when one acts immediately upon discovery of a spouse in an act of adultery that such acts of infidelity may be shown in defense. An intervening cooling period nullifies, in so far as the law is concerned, the extenuating matter of defense resulting from such discovery. Thomas v. State, 150 Ala. 31, 43 So. 371; Crowder v. State, 18 Ala.App. 632, 93 So. 338; McWilliams v. State, 178 Ala. 68, 60 So. 101; Warren v. State, 197 Ala. 313, 72 So. 624.

This record falls far short of showing an adulterous relationship between the prosecutrix and Mason. Granting validity to appellant's grounds of suspicion, the above principles fully justified the court's ruling on the above mentioned questions, for clearly the acts sought to be shown were not of sufficient immediacy.

No error injurious to appellant resulted from the admission of the bullet in evidence. The appellant himself testi-

fied that the prosecutrix was shot once, though he claims accidentally. The weight of such evidence, if any under the circumstances, was for the jury. Crawford v. State, 112 Ala. 1, 21 So. 214; Moss v. State, 152 Ala. 30, 44 So. 598.

The remaining grounds asserted as error in the motion for a new trial are so patently without merit, and involve such oft repeated principles of law that we refrain from discussion of them in the interest of brevity.

No brief has been filed in appellant's behalf. Consonant with our duty we have carefully examined this record for error. We are clear to the conclusion that it is free of any error materially affecting the substantial rights of this appellant. The cause is therefore due to be affirmed, and it is so ordered.

Affirmed.