# CASES

IN THE

# SUPREME COURT OF ALABAMA

## NOVEMBER TERM, 1901.

## Pugh *v.* The State.

*Indictment for Murder.*

(Decided February 13th, 1902.)

132   1
133   179

1. *Self defense; imminent peril; charge concerning.*—The burden being on defendant, invoking the doctrine of self defense, to show imminent peril of life or bodily harm, a charge is erroneous which assumes, where the evidence is conflicting, that he was in such peril when he fired the fatal shot.

2. *Self defense; retreat; reasonable prospects of safety; charge.* A charge is erroneous, in a murder case, which, assuming that defendant was in imminent peril, authorized him to stand his ground unless he could have "retreated with reasonable prospects of safety," the law requiring him to retreat unless to have done so would have increased his peril.

3. *Self defense: retreat; charge.*—A charge is erroneous in a murder case, which authorizes the jury to acquit the defendant on the ground of self defense even though they should have found that he might have retreated without increasing his peril.

4. *Self defense; retreat; burden of proof.*—On a trial for murder, the burden is on defendant, invoking the doctrine of self defense, to show that he could not have retreated without increasing his peril.

5. *Self defense; retreat; exposure to great bodily harm.*—If defendant, by attempting to retreat, would not have exposed himself to greater peril than was involved in standing his ground and fighting, it was his duty to retreat.

6. *Self defense; danger justifying homicide.*—The danger to justify the taking of human life must be real, or must be reasonably believed by defendant to be real, and it is not sufficient that the situation was such as to impress the mind of a reasonable person that it was real.

7. *Self defense; burden of proof as to fault in bringing on the
    difficulty.*—On a trial for murder the burden is not on the
    State to show that the defendant was at fault in bringing on
    the difficulty, unless and until the defendant has shown that
    he was in imminent peril of life or of great bodily harm
    and could not have retreated without increasing his peril.

APPEAL from Barbour Circuit Court.

Tried before Hon. A. A. EVANS.

The appellant, Wash Pugh, was convicted of murder
in the second degree, and appeals.    The evidence for
the State showed threats made by the defendant against
the deceased, one George Conner, prior to the difficulty
resulting in the killing, and that they had had two dis-
putes on the day of the killing; that, later in the day,
Conner, upon seeing the defendant, remarked: "Yon-
der comes the rascal who cut my bridle," that defendant
thereupon called him a liar and immediately drew his
pistol and fired, and then Conner drew his pistol and
shot at the defendant.    From the effects of the wound
received Conner died.    The evidence for defendant
showed that Conner pulled his pistol first and started to
shoot defendant before he fired.

The defendant requested the court to give to the jury
the following written charges, and separately excepted
to the court's refusal to give each of them as asked:
(1.)    "If the jury believe from the evidence that the
defendant was not at fault in bringing on the difficulty,
and could not have escaped without increasing his dan-
ger to life or great bodily harm or avoided the impend-
ing peril by retreat with reasonable prospects of safety,
then you must find the defendant not guilty."    (2.)    "If
the jury believe from the evidence in this case
that at the time of the killing the deceased was attack-
ing or in the act of attacking the defendant with a
deadly weapon, then the defendant was not bound to re-
treat, but had the right to stand and defend himself,
provided he was without fault in bringing on the diffi-
culty which resulted in the killing and could not have
retreated without endangering his safety."    (3.)    "The
court charges the jury that if they believe from the ev-
idence that the defendant was free from fault in bring-

ing on the difficulty and that the deceased at the time of the killing was attacking or in the act of attacking the defendant with a deadly weapon, then the defendant had the right to defend himself even to the taking of the life of the deceased, unless the jury further believe from the evidence that the defendant could have retreated without increasing his danger to life or great bodily harm." (4.) "The court charges the jury that the burden of proving that the defendant was the aggressor is on the State, and if in reference to that fact the testimony is not sufficient to satisfy the jury beyond all reasonable doubt that the defendant was the aggressor, then they must acquit him, unless they further believe from the evidence that the defendant fired the fatal shot when there was no impending danger, real or apparent, to his life or great bodily harm, and that there was no reasonable way of escape without endangering his safety." (5.) "The court charges the jury that if the defendant was free from fault in bringing on the difficulty and that the deceased drew his pistol and shot at or was attempting to shoot at the defendant, and that the defendant could not retreat without exposing himself to loss of life or great bodily harm, and that he shot in order to save his life or to protect himself from great bodily harm, then you must find the defendant not guilty." (6.) "The court charges the jury that the burden of proof that the defendant was the aggressor, or that he provoked the difficulty, rests upon the State, and if the testimony is not sufficient to satisfy the jury beyond all reasonable doubt that the defendant was in fact the aggressor, then they must acquit him, unless they further believe from the evidence that he could have retreated without increasing the danger to his ife or of great bodily harm to him." (7.) "The court charges the jury that the fact as to whether the defendant was the aggressor in bringing on the difficulty is just like any other fact in this case and must be proved beyond all reasonable doubt, and if the jury are not satisfied of this fact beyond all reasonable doubt, they must acquit the defendant, unless they further believe from the evidence that after the difficulty commenced the defendant could have retreated without in-

creasing his danger to life or great bodily harm." (8.) "If the jury believe from the evidence that the defendant was free from fault in commencing the difficulty, and the acts of the deceased at the time of the killing were such as to impress the mind of a reasonable man that the life of the accused was in danger or that he was in danger of great bodily harm, and that he could not retreat without increasing that danger then the accused had the right to shoot in self-defense, even to the taking of the life of the deceased." (9.) "The court charges the jury that the fact as to whether the defendant was the aggressor in bringing on the difficulty is just like any other fact in this case, and must be proved beyond all reasonable doubt."

G. L. COMER, for appellant.

CHARLES G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—Charge 1 refused to the defendant assumes that defendant was in imminent peril of life or great bodily harm when he shot Connor. The burden was on defendant to show such peril, and the evidence as to its existence *vel non* was conflicting. This charge is further bad for the reason that, assuming the existence of great and impending peril, it authorized defendant to stand his ground unless he could have "retreated with reasonable prospects of safety." The law is that he should have retreated unless to have attempted retreat would have *increased* his peril. It may well be that a retreat which does not offer reasonable prospect of safety would yet not increase the peril of the party assailed.

Charge 2 would have authorized the jury to acquit the defendant on the ground of self-defense even though they should have found that defendant might have retreated without increasing his peril.

Charge 3 misplaces the burden of proof as to retreat. It was an element of the defense of self-defense that the defendant could not have retreated without increasing his peril, and it was upon him to show it. Under

this charge it would not have been necessary for the defendant to show that he could not have retreated without increasing his peril, but it would have been necessary for the State to prove that he could have retreated without increasing his danger. Charge 4 has the same infirmity in reference to the burden of proof on the issue of duty to retreat *vel non*, and it also misplaces the burden of proof as to the presence of great and imminent peril to defendant. That, too, was a part of his defense, and for him to prove—not for the State to disprove.

It may or may not be that for the defendant to have exposed himself to the loss of his life or to great bodily harm by attempting to retreat, when, as hypothesized in charge 5, the deceased was attempting to shoot at him with a pistol, would have subjected him to greater peril than was involved in standing his ground and fighting. If it would not, he should have retreated. Charge 5 was, therefore, properly refused.

Charge 6 also misplaces the burden of proof in respect of the practicability of retreat; and it is bad for the further reason that it assumes the existence at the time of the homicide of great and impending peril to the defendant. Charge 7 has the same infirmities.

In view of the evidence adduced going to show that the killing was the culmination of a continuing difficulty which started earlier in the day or of a series of difficulties between the men on that day, the language of charge 8 as to defendant being free from fault "in *commencing* the difficulty and the acts of the deceased at the time of the killing," etc., would seem to involve a tendency to mislead and confuse the jury. But this charge is affirmatively bad in that it rests defendant's right to kill on facts which were sufficient to impress the mind of a reasonable man that his life was in danger, etc., though defendant's mind may not have been so impressed by these facts and though there may not in reality have been any danger at all. The danger which will justify taking life must be real, or it must be reasonably believed by the defendant to be real. If it is not real, and the defendant did not believe it to be real, it is of no consequence that the situation was such as to im-

press the mind of a reasonable person that it was real.

On a trial for murder it is not necessary for the State in making out its case to prove that the defendant was at fault in bringing on the difficulty at all until the defendant has shown that he was in imminent peril, etc., and could not retreat without increasing his peril. Charge 9 refused to the defendant would have required an acquittal upon failure of the State to prove that the defendant was at fault in bringing on the difficulty, although the jury may have found that he was in no danger, real or apparent, when he fired the fatal shot, or that, beng in danger, he could have retreated without increasing his peril.

The judgment of the circuit court must be affirmed.
Affirmed.