# Keef *v.* The State.

*Murder.*

(Decided January 22, 1915.   64 South. 513.)

1. *Homicide; Self-Defense; Instruction.*—A charge that if defendant was feloniously pursued by deceased and his brothers in such a way as to induce in him the well grounded belief that he was in danger of great bodily harm or death, when acting under the influence of such apprehension, he was justified in defending himself, whether the danger was real or apparent, ignored the questions of retreat and freedom from fault in bringing on the difficulty, and was, therefore, bad.

2. *Same.*—Although a person cannot retreat with absolute safety to his person, if he can retreat without increasing his peril he is bound to do so instead of killing his adversary.

3. *Same.*—A charge asserting that in determining whether a person engaged in a difficulty could retreat with safety to himself, it was the duty of the jury to look to all the evidence, and that if they had a reasonable doubt as to whether he could have retreated, then, so far as the law is concerned, he could not have retreated, was likely to mislead the jury into believing that if accused by retreating would have received some slight injury to his person, he was relieved of the necessity of retreating, even though he could have retreated without increasing his peril, and was hence, properly refused.

4. *Same.*—A charge asserting that a person might fight willingly, if he was free from fault in bringing on the difficulty, and there was no reasonable mode of escape without increasing his danger, failed to hypothesize the degree of force that a person so situated might use in defending himself against the assault, and was therefore, properly refused.

5. *Same.*—Where an assault is not felonious, or such as to imperil the life or the person of the party assaulted with serious harm, and does not reasonably appear so, the assaulted party is not justified in killing his assailant, although he may be free from fault in bringing on the difficulty.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

John Keef was convicted of manslaughter in the first degree, and he appeals.   Affirmed.

See, also, 7 Ala. App. 15, 60 South. 963.

The following charges were refused to defendant:

"(1) If you believe from the evidence that defendant was feloniously pursued by deceased and his brothers in such a way as to induce in him a well-grounded belief that he was actually in danger of great bodily harm, or of losing his life, when acting under the influence of such apprehension, he would be justified in defending himself whether the danger was real or apparent.

"(2) In determining whether a person engaged in a difficulty could retreat with safety to his person, it is always the duty of the jury to look to all the evidence in the case, and if, after weighing all the evidence, the jury has a reasonable doubt as to whether such person could have retreated, then, so far as the law is concerned, he could not have retreated."

"(4) 'A person may fight willingly if he is free from fault in bringing on the difficulty, and there is no reasonable mode of escape without increasing his danger.

"(5) If, upon a review of the whole evidence in the case, you have a reasonable doubt as to whether defendant has established his plea of self-defense, you should acquit defendant."

HUNT, HUNT & WOLFES, for appellant. Counsel discuss the charges refused and insist that they announce correct principles of law, applicable to the present case, but cite no authority in support thereof.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Charge 1 was properly refused.—*Gordon v. State,* 140 Ala. 29; *Scott v. Sttae,* 133 Ala. 112; *Harkness v. Sttae,* 129 Ala. 71. Charge 3 was patently bad.—*Maxwell v. State,* 129 Ala. 48; *Harkness v. State, supra; Wilson v. State,* 140 Ala. 43. Charge 4 was properly refused.—*Pugh v. State,* 132 Ala. 1; *Harbon v. State,* 140 Ala. 103. The

other charges were either argumentative or covered by those given.

THOMAS, J.—No exceptions were reserved, and consequently no other questions are presented for review, except as to the action of the court in refusing certain charges requested by defendant in writing.

The first of these charges, numbered 1, is bad, in that it ignores all question of retreat.—Wharton on Homicide, 471 (3d Ed.) ; *Gordon v. State,* 140 Ala. 29, 36 South. 1009; *Mann v. State,* 134 Ala. 1, 32 South. 704; *Scott v. State,* 133 Ala. 112, 32 South. 623; *Jimmerson v. State,* 133 Ala. 18, 32 South. 141. Moreover, it pretermits a consideration by the jury of the question of freedom from fault in bringing on the difficulty.—*Wilson v. State,* 140 Ala. 43, 37 South. 93; *Jarvis v. State,* 138 Ala. 17, 34 South. 1025; *Harkness v. State,* 129 Ala. 71, 30 South. 73. For the latter reason, if not others, charge 3 also is bad.

Charge 2 is confusing and misleading, and does not correctly state the law. The law is that, if the defendant could have retreated without increasing his peril, then it was his duty to have done so rather than to have killed deceased, although he could not have so retreated with absolute safety to his person, as the charge seems to assert.—*Bell v. State,* 115 Ala. 39, 22 South. 526; 1 May. Dig. p. 804. From the charge the jury might well have been misled into believing that, if by retreating the defendant would have received some slight injury to his person, then he was relieved of the necessity of retreating. The court did not err in refusing the charge.

Charge 4 asserts that "a man may fight willingly, if he is free from fault in bringing on the difficulty, and there is no other reasonable mode of escape without increasing his danger"; but the charge ignores all con-

sideration by the jury of the degree of force that the person, so situated as stated in the charge, is allowed to use in defending himself against the assault so made upon him. If the assault was not felonious, was not such as to imperil his life or his person with serious harm, or reasonably appeared so, he would not be justified in killing his assailant, although he was free from fault in bringing on the difficulty, etc. The charge to be applicable here, would have removed the consideration of these questions from the jury, and was otherwise faulty, as pointed out in the consideration of a similar charge in *Pugh v. State,* 132 Ala. 1, 31 South. 727; *Harbour v. State,* 140 Ala. 103, 37 South. 330.

Refused charges 5 and 6 were fully covered by given charge 17.

We find no error in the record, and the judgment is affirmed.

Affirmed.