# Carroll v. The State.

## Murder.

(Decided April 8, 1915.   68 South. 530.)

1. *Homicide; Self-Defense; Burden of Proof.*—Where defendant claimed that he killed deceased in defense of his sons, the burden was on him to show that they were in imminent peril.

2. *Same; Duty to Retreat.*—Where defendant had a reasonable mode of escape without danger to himself, and could have avoided killing deceased by taking advantage of such mode, he was not justified in taking the life of deceased.

3. *Same.*—Where defendant was assaulted with some weapon which deceased picked up in the streets, a rock presumably, the assault was not so manifestly felonious in purpose and forcible in nature as to justify defendant in killing his assailant without attempting to retreat.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Tom Carroll was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The following is the charge given for the state:

If defendant had a reasonable mode of escape without danger to himself, and could have avoided killing de-

ceased by such mode, he was not justified in killing Floyd Roberts.

CALLAHAN & HARRIS, for appellant. The only question involved is the charge given for the state which fixes a too high degree of duty upon defendant.—*Holmes v. State,* 100 Ala. 84; *Cleveland v. State,* 86 Ala. 9; *Cook v. State,* 5 Ala. App. 28; *Sullivan v. State,* 102 Ala. 143.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State. Counsel criticise the authorities cited by appellant with the insistence that they support the theory of the state that the charge was given without error, but they cite no additional authority.

BROWN, J.—There is no pretense that the deceased assaulted any one except the defendant, and the situation of the sons of the defendant is not shown other than that they were in the vehicle in which the defendant was traveling; whether on the same seat with him or at some other place in the vehicle is not shown. If the defendant seeks justification on the ground that he struck in defense of his sons, the burden is upon him to show that they were in imminent peril from an assault by the deceased, and that self-defense was available to them.— *Surginer v. State,* 134 Ala. 125, 32 South. 277; 5 Mayf. Dig. 865, § 9. But there was not a scintilla of evidence that the sons or either of them were assaulted, or that they were in imminent peril from an assault directed at the defendant, and to assume otherwise we would have to go outside of the record in the case. This being true, the proposition asserted in charge 1 given at the instance of the state is unanswerable. If the defendant

had a reasonable mode of escape without danger to himself, and could have avoided killing the deceased by such mode, he was not justified in shooting. If he had a reasonable mode of escape without danger, then he was not in imminent peril either real or apparent. Unless this mode of escape was known or apparent to him, and the circumstances were such that he could avail himself of it without increasing his peril, it cannot be said that he had a reasonable mode of escape without danger. The only possible criticism that this charge is subject to, if that, is that it possessed slight misleading tendencies, and these were fully met by the numerous charges given by the court at the instance of the defendant in which the doctrine of self-defense is fully stated most favorably to defendant.

The principle that one murderously assaulted is not required to retreat has no application in this case. The evidence tending to show an assault on defendant by deceased was that deceased picked up some character of weapon from the street, presumably a stone, after the difficulty between deceased and defendant had commenced, but the character of the weapon was not shown, and, for all we know, it was not deadly in its character or at all calculated to produce death. To constitute a murderous assault, so as to justify the application of that doctrine, the weapon with which the assault is threatened must be one the use of which is calculated to produce death. The assault must be manifestly felonious in its purpose and forcible in its nature.—*Storey v. State,* 71 Ala. 337; *Cook v. State,* 5 Ala. App. 28, 59 South. 519; *Beasley v. State,* 181 Ala. 32, 61 South. 259; *Jones v. State, infra.*

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.