# Oldacre v. State.

### Murder.

(Decided May 18, 1916. Rehearing denied June 30, 1916. 72 South. 303.)

1. **Homicide; Self Defense.**—The fact that the killing of deceased was made necessary to enable defendant to recover some money which deceased had taken from him, could not justify the killing.

2. **Same; Instructions.**—An instruction on self defense which fails to negative the fault of defendant in the matter, or that defendant used any more force or violence than was necessary to obtain his property from deceased, or to defend himself against deceased, was properly refused.

3. **Same; Provoking Difficulty.**—A defendant cannot justify the killing of another by showing the necessity therefor produced by his own wrongful act.

4. **Same; Retreat.**—The right to kill in self defense does not arise until defendant has offered or attempted to retreat, or to decline the combat if there is open to him a reasonably safe way of retreat, and which will not increase his danger.

5. **Criminal Law; Oral Instructions.**—Where the court had instructed the jury as to each matter requested by defendant in writing, and defendant had not requested fuller or more specific instructions in writing, the refusal of the trial court to give oral instructions requested by defendant is not reviewable.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Levi Oldacre was convicted of murder in the first degree and he appeals. Affirmed.

[Oldacre v. State.]

W. H. LONG, JR., for appellant.   W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

MAYFIELD, J.—This is an appeal from a judgment in which the sentence of death is imposed, under an indictment charging murder in the first degree.   The record proper has been carefully examined, and we find no error which can work a reversal. The defendant is here represented by counsel, who have filed an elaborate brief, and no point is made as to the sufficiency of the record proper.

No objection appears to have been made as to the venire or any venireman.   No objection or exception appears as to any ruling on the evidence.   The state's evidence, if believed, was ample to support the verdict rendered.   It appears without dispute that the defendant killed the deceased by shooting him with a shotgun, and that death was almost instantaneous.   The only defense attempted was self-defense.   The evidence tending to support this was that deceased, at the time of the shooting, drew a pistol and was attempting to shoot defendant, and that he did shoot at defendant three or four times, about the time, and immediately after, the defendant fired the fatal shot.

The state's evidence, in rebuttal of this, was to the effect, or tended to show, that the deceased did not attempt to shoot the defendant, that he did not draw or fire the pistol, but that the deceased was killed insantly by the first shot, and therefore could not have fired the pistol after he was shot.   The evidence was also without dispute that deceased had taken from the defendant $2 in money, and that defendant, in consequence thereof, went and got the gun, and returned and demanded his money; that deceased offered to hand defendant the money; that defendant, while holding the gun, ordered the deceased to put the money on the ground; and that deceased then handed the money to a third party, for the defendant, whereupon the defendant fired the fatal shot.   The defendant's evidence showed, however, that, just as deceased handed the money to the third party, he drew or attempted to draw the pistol, and that this was before defendant fired.   But this was denied by the state's evidence.

The trial court, in its oral charge, instructed the jury, correctly and fully, as to the degrees of homicide and the distinctions between the various degrees.   The court also instructed the jury

correctly and fully as to self-defense, except as we shall hereafter notice. The defendant requested the court to give the indicated written charges, and the court refused each. These charges were as follows: "A. I charge you, gentlemen of the jury, if you believe, from the evidence in this case, that Louis Brown forcibly took money from the person of Levi Oldacre, that Oldacre had the right to follow the property, and to use such force as may be necessary to recover it.

"B. I charge you, gentlemen of the jury, if you believe the evidence in the case, and from said evidence that Louis Brown took $2 forcibly from the person of Levi Oldacre, that Oldacre had a right to demand the return of the said money, and, if Louis Brown acted in a manner that placed the life or limb of the said Oldacre in imminent peril, he had the right to use such force as necessary to protect himself.

"C. I charge you, gentlemen of the jury, that if you believe the evidence in this case, and that from said evidence that defendant's life or limb was in imminent peril at the time he shot Louis Brown, then he was justified in shooting him.

"D. I charge you, gentlemen of the jury ( if you believe from the evidence in the case that this defendant did not go out of the house with intent to kill Louis Brown, but killed him after he honestly believed he was in imminent peril as to his life or limb, and that he had reasonable grounds for said belief, then you cannot find him guilty as charged.

"D. I charge you, gentlemen of the jury, if you believe from the evidence in this case, that Louis Brown took money from the person of Levi Oldacre forcibly, that Levi Oldacre had the right to follow the property and to use such force as may be necessary to recover it, and if, while in act of recovering it, he had reasonable grounds to believe, from the conduct of the party taking said property, that his life or limb was in imminent peril, he had the right to shoot in self-defense.

"F. I charge you, gentlemen of the jury, if you believe, from the evidence in this case, that this defendant came out of the house with a shotgun in his hands for the purpose of asking Louis Brown to give him the money he took from him, I charge you he had a right to do it, and the fact that he was forced to kill him, if from the evidence you believe he killed in self-defense, does not preclude him from setting up self-defense."

[Oldacre v. State.]

(1, 2)  Each of these charges attempts to state or assert the same or kindred propositions of law relating to the right of one to retake his own property from one who has forcibly taken it from him.  Each one is misleading in some of its tendencies. Some of these charges are in part abstract, and nearly all are bad in failing to negative defendant's fault in the matter, or that he used any more force or violence than was necessary to obtain his property, or to defend himself from the assault or attack of deceased.  In fact, all the evidence shows, even that of defendant himself, that the killing was not necessary to obtain his money; but, if it had been necessary, merely to obtain the money would not justify the killing of the deceased.  The true rule on this subject was well stated by SOMERVILLE, J., after reviewing the authorities, in *Storey's Case,* 71 Ala. 340.

(3)  The charges were also properly refused, in so far as they attempted to assert the doctrine of self-defense.  It is well and correctly settled that charges in homicide cases, to correctly state the law on this subject, must negative the defendant's fault in provoking or bringing on the fatal difficulty.  The defendant is not allowed, under the law, to justify the killing of his fellow-man, by showing therefor a necessity which was produced by his own wrongful act.  He cannot, for such purpose, avail himself of a necessity wrongfully brought on or produced.

(4)  The charges as to self-defense also ignore the doctrine of retreat as a part of that of self-defense.  The right to kill in self-defense does not arise until the defendant has offered or attempted to retreat, or to decline the offered combat, provided, however, there be open to him a reasonably safe mode, and that retreat would not increase his danger.  We are not speaking of apparent danger, as distinguished from real, as there is no occasion to discuss that subject.  Nor are we speaking with reference to assaults which are manifestly felonious in their purpose and forcible in their nature, such as rape, robbery, etc.

(5)  The jury, after remaining out for several hours, reappeared in the courtroom and requested of the trial judge further instructions as to certain legal terms and phrases used in his oral and written charges given, as to the punishment, and also as to self-defense.  And the judge did further instruct the jury as to the matters inquired about, and no objection or exception thereto, or to any part thereof, was made or reserved.  Counsel for the defendant did then and there orally request the court to

[Oldacre v. State.]

charge or instruct the jury further as to certain phases of self-defense, and the judge declined to further instruct as to such particular phases as requested, and the defendant excepted. Under our statutes requested charges must be in writing, and the refusal of the judge must be indorsed by writing, in order to review such declinations to charge or instruct the jury, as appear in this case. The court, as before shown, had instructed the jury as to each matter requested by the defendant; and if the defendant desired that the instructions should be fuller or more specific, he should accordingly have requested the court in writing.

There was, therefore, no refusal or declination of the trial court to charge the law applicable in this case, which we can review on this appeal, touching the oral requests of the defendant. This record has been carefully examined, and we find no reversible error. The judgment of conviction must therefore be affirmed.

Affirmed. All the justices concur.