(82 South. 639)

### LOVE v. STATE.  (8 Div. 666.)

(Court of Appeals of Alabama.  July 21, 1919.)

**1. CRIMINAL LAW ⊚�ック 829(1)—REQUESTED INSTRUCTIONS—MATTERS ALREADY COVERED.**

Where the rule or law sought to be stated in a requested charge was clearly stated in another charge given at defendant's instance, its refusal was not error.

**2. CRIMINAL LAW ⊚⟫ 835 — REQUESTED INSTRUCTIONS—REFUSAL.**

A requested charge which was not a clear statement of the rule or law involved was properly refused.

**3. HOMICIDE ⊚⟫ 118(1)—SELF-DEFENSE—RETREAT.**

If there is open to one assaulted a reasonably safe mode of retreat, and to retreat would not increase his danger, it is his duty to retreat; but unless the mode of escape is known or apparent to the assaulted party, and the circumstances are such that he cannot avail himself of it without increasing his peril, it' cannot be said that he has a reasonable mode of escape.

**4. HOMICIDE ⊚⟫ 112(1)—SELF-DEFENSE—AGGRESSION.**

One who was at fault in bringing on a difficulty, or fought willingly, cannot invoke the doctrine of self-defense in a prosecution for assault with a weapon or assault and battery, until or unless he has made a bona fide retirement from or an abandonment of the difficulty, and the difficulty has been renewed by the other party.

**5. HOMICIDE ⊚⟫ 118(1)—SELF-DEFENSE—RETREAT.**

Where a defendant does not provoke the difficulty, or is not at fault in bringing it on, and does not fight willingly, but uses no more force than is necessary to repel, the doctrine of retreat has no application; for the defendant is there continually in a defensive attitude, and, in legal contemplation, on the retreat so far as the difficulty in which he is engaged is concerned.

**6. CRIMINAL LAW ⊚⟫ 789(18)—INSTRUCTIONS —REASONABLE DOUBT.**

In a prosecution for assault with intent to murder, a court properly refused to instruct, "If there is a single fact to the satisfaction of the juror which is inconsistent with the defendant's guilt, this is sufficient to raise reasonable doubt of his guilt, and the jury should acquit."

**7. HOMICIDE ⊚⟫ 300(5) — CONFUSED INSTRUCTIONS.**

Court properly refused as unintelligible, elliptical, incomplete, and bad an instruction that, "In order to constitute putting the defendant at fault in this case in bringing on the difficulty, he must have done some wrongful act or have said a wrongful word to or in the presence of K., or must have done something to him for the purpose of insulting or angering him or to bring about the difficulty, or his words, acts, or manner must have been such as to bring on a difficulty and done for that purpose."

**8. HOMICIDE ⊚⟫ 300(2) — ASSAULT WITH INTENT TO MURDER—INSTRUCTIONS.**

In a prosecution for assault with intent to murder, the court properly refused to instruct the jury "that if they are reasonably satisfied from the evidence in this case that the defendant was without fault in bringing on' or entering into the fight, then he was under no duty to retreat."

**9. CRIMINAL LAW ⊚⟫ 1120(9) — MATTERS REVIEWABLE—RECORD.**

On appeal in a prosecution for assault with intent to murder, the claim that the court erred in sustaining an objection to the offering in evidence of a discharge of the defendant as a soldier, introduced for the purpose of showing that defendant was insane, cannot be considered, where the discharge is not set out in the record.

**10. CRIMINAL LAW ⊚⟫ 444—ADMISSIBILITY OF EVIDENCE—DISCHARGE FROM ARMY.**

Court properly refused to admit in evidence a discharge from the army, in the absence of proof that it was the original paper.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Pervin Love was convicted of assault with intent to murder, and he appeals.  Affirmed.

The following charges were refused the defendant:

2. While the burden is on the defendant to make out his plea of insanity to the reasonable satisfaction of the jury from all the evidence in the case, yet the jury cannot find the defendant guilty of any offense embraced in the charge under which he is being tried until the jury is satisfied from all the evidence in the case beyond a reasonable doubt and to a moral certainty.

·6. If there is a single fact to the satisfaction of the juror which is inconsistent with the defendant's guilt, this is sufficient to raise reasonable doubt of his guilt, and the jury should acquit.

13. I charge you, gentlemen of the jury, that in order to constitute putting the defendant at fault in this case in bringing on the difficulty he must have done some wrongful act or have said a wrongful word to or in the presence· of Kent, or must have done something to the—him for the purpose of insulting or angering him or to bring about the difficulty, or his words, acts, or manner must have been such as to bring on a difficulty and done for 'that purpose.

16. The court charges the jury that, if they are reasonably satisfied from the evidence in this case that the defendant was without fault in bringing on or entering into the fight, then he was under no duty to retreat.

Callahan & Harris, of Decatur, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

· BRICKEN, J.  The defendant was indicted for an assault with intent to murder.  He was tried under this indictment and convicted of assault with a weapon and appeals.

The defenses interposed were not guilty, and not guilty by reason of insanity.

Counsel for defendant have filed an excellent brief in this case, and we will follow the matters complained of as error as they are briefed.

[1, 2] The rule of law sought to be stated in charge 2, refused to the defendant, is clearly stated in charge 1, given at his instance, and the refusal of this charge was not error. And, indeed, the charge is not a clear statement of the rule of law, and its refusal was justified for this reason.

The principle asserted in charge 12, refused to the defendant, is clearly stated in charges 10 and 11, given at his instance; hence the refusal of charge 12 was not error.

If the oral charge of the court dealing with the duty of retreat is subject to any criticism, it is, when considered as a whole, more favorable to the defendant than the law justifies. After the exception was reserved, the court stated to the jury:

"That if the defendant was in actual peril of suffering the loss of life or serious bodily harm, and could not retreat in safety to himself, that then he could set up the law of self-defense. Or, if he was in apparent peril, although it may not have been actual, if he was apparently in peril of suffering loss of life or serious bodily harm, and he could not retreat with safety to himself, then, gentlemen, if you find from the evidence that he did not provoke or bring on the difficulty and did not enter into the fight willingly, the defendant could set up self-defense."

[3] The rule is that if there is open to the defendant a reasonably safe mode of retreat, and to retreat would not increase his danger, it is his duty to retreat (Oldacre v. State, 196 Ala. 690, 72 South. 303); and unless the mode of escape was known or apparent to him, and the circumstances were such that he could not avail himself of it without increasing his peril, it cannot be said that he had a reasonable mode of escape (Carroll v. State, 12 Ala. App. 69, 68 South. 530). This principle is clearly stated in charges 7 and 19, given at the defendant's instance.

[4] It is well settled that if the defendant was at fault in bringing on the difficulty, or if he fought willingly (in assaults with a weapon, or assaults and batteries), he cannot invoke the doctrine of self-defense, until or unless he has made a bona fide retirement from or an abandonment of the difficulty, and the difficulty has been renewed by the other party. This involves, of necessity, a retreating or leaving of the difficulty by the defendant. The court was charging upon self-defense, and his statement of the duty of retreat in that connection was a correct statement of the law.

[5] Where a defendant does not provoke the difficulty, or is not at fault in bringing it on, and does not fight willingly, but uses no more force than is necessary to repel, the doctrine of retreat has no application, for the defendant is there continually in a defensive attitude, and, in legal contemplation, on the retreat so far as the difficulty in which he is engaged is concerned. Blankenship v. State, 11 Ala. App. 125, 65 South. 860, and cases there cited.

[6] Charge 6 was properly refused. Pippin v. State, 197 Ala. 613, 73 South. 340.

[7] Charge 13 is unintelligible, elliptical, incomplete, and bad.

[8] Charge 16 is manifestly bad and was properly refused. Moreover, the principles of law undertaken to be embodied in this charge were fairly and substantially covered by the oral charge of the court and by the given charges.

[9, 10] The only exception reserved to the ruling of the court on the evidence is wherein the court sustained an objection to the offering in evidence of the discharge of the defendant as a soldier from Camp Pike, for the purpose of showing the defendant's mental condition. The discharge itself is not set out in the record, and this court is therefore unable to say whether it contained anything that would tend to show that the defendant was mentally unsound. Moreover, there was no proof made that it was the original paper, and it does not appear from the record that it was self-proving; it follows that the ruling of the court is manifestly free from error.

We have been unable to find any error in the entire record of a reversible nature, or any ruling of the court which injuriously affected the substantial rights of the defendant.

The judgment of the circuit court is affirmed.

Affirmed.