## MILLS v. STATE. (8 Div. 266.)

(Court of Appeals of Alabama.     June 9, 1925. Rehearing Denied June 30, 1925.)

I. Criminal law ⊛723(3)—Remark of solicitor as to reason for so many murders in county, in argument, held not error.

In prosecution for murder, remark of solicitor in argument, "It may be that is why there is so many murders in Lawrence county," was not beyond bounds of proper argument.

2. Homicide ⊛300(3)—Instruction that accused invoking self-defense must not have brought on difficulty, must have been in real or apparent danger, and must have been unable to get away without disadvantage to herself, held error.

In homicide case, if there is open to accused reasonably safe mode of escape without increasing his peril, he has duty to retreat, and not otherwise, and, in prosecution for murder, instruction that accused, to invoke self-defense,

must not have brought on difficulty, and must have been in real or apparent danger, and unable to get away without disadvantage, was error as putting too great burden on accused.

3. Homicide ⊛190(1)—After admission of evidence tending to prove self-defense, threats made by deceased against accused, of which accused had knowledge, are admissible.

In prosecution for murder, after admission of evidence tending to prove self-defense, threats made by deceased against accused, of which she had knowledge, were admissible.

4. Homicide ⊛169(3)—Testimony of previous difficulties between parties held competent.

In prosecution for murder, permitting testimony that there had been previous difficulties between parties was competent, but it was not admissible that on former occasions deceased had beat accused.

5. Homicide ⊛169(3)—Evidence tending to show general nature of former difficulty between parties, not going into details or merits, held admissible.

In prosecution for murder, evidence tending to show general nature of former difficulty between parties, and which does not go into details or merits, is relevant and admissible.

6. Homicide ⊛187—After admitting evidence of self-defense, accused should have been allowed to prove physical condition, of which deceased had knowledge.

In prosecution for murder, after admitting evidence of self-defense, accused should have been allowed to prove her physical condition, and that she was pregnant, of which fact deceased had knowledge.

7. Criminal law ⊛1144(14)—Refused charges set out in record not considered on appeal, on failure to include in record written charges given at accused's request.

In prosecution for murder, where written charges requested by accused were given, and are not in record on appeal, it will be presumed that given charges covered in substance all charges refused, and refused charges set out in record will not be considered.

Appeal from Circuit Court, Lawrence County; James E. Horton, Judge.

Lillie Mills was convicted of murder in the second degree, and she appeals. Reversed and remanded.

W. W. Callahan, of Decatur, for appellant.

The argument of the solicitor was improper. Sykes v. State, 151 Ala. 80, 44 So. 398; Ala. F. & I. Co. v. Williams, 207 Ala. 99, 91 So. 879; Wilhite v. Fricke, 169 Ala. 76, 53 So. 157. The oral charge of the court, in defining the duty of retreat, was erroneous. Love v. State, 17 Ala. App. 149, 82 So. 639; Vaughn v. State, 17 Ala. App. 383, 84 So. 879; Smith v. State, 183 Ala. 10, 62 So. 864; Hill v. State, 194 Ala. 11, 69 So. 941, 2 A.

L. R. 509; Carroll v. State, 12 Ala. App. 69, 68 So. 530; Brewington v. State, 19 Ala. App. 409, 97 So. 763. Defendant should have been permitted to show her physical condition at the time of the difficulty. Smith v. U. S., 161 U. S. 85, 16 S. Ct. 483, 40 L. Ed. 626; Stevens v. State, 84 Neb. 759, 122 N. W. 58, 19 Ann. Cas. 121; 13 R. C. L. (Homicide) § 26; 6 Ency. Evi. 767; Gunter v. State, 111 Ala. 23, 20 So. 632, 56 Am. St. Rep. 17; Wilkins v. State, 98 Ala. 1, 13 So. 312; Lambert v. State, 208 Ala. 42, 93 So. 708; Smith v. State, 209 Ala. 666, 96 So. 779; Harris v. State, 123 Ala. 69, 26 So. 515; Askew v. State, 94 Ala. 4, 10 So. 657, 33 Am. St. Rep. 83.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The argument of the solicitor was within proper bounds. Ex parte State, 210 Ala. 96, 97 So. 573; King v. State, 17 Ala. App. 536, 87 So. 701. If the oral charge was not full enough, it was the duty of the defendant to request explanatory instruction. Millender v. State, 155 Ala. 17, 46 So. 756; Grubbs v. State, 213 Ala. 576, 105 So. 583. Defendant could not testify that deceased knew her physical condition. Spurlock v. State, 17 Ala. App. 109, 82 So. 557. The physical condition of defendant prior to the difficulty was inadmissible. Hadnot v. State, 3 Ala. App. 102, 57 So. 383.

SAMFORD, J. [1] The solicitor, in his closing argument to the jury, made use of the remark: "It may be that is why there is so many murders in Lawrence county." Upon objection being made, the court first overruled the objection, and then, at the suggestion of the solicitor, the remark was withdrawn, and the jury instructed not to consider it. This remark was not beyond the bounds of proper argument. Ex parte State (re Tyler), 19 Ala. App. 380, 97 So. 573.

[2] In the oral charge of the court, in charging on the doctrine of self-defense, after charging that the defendant must be free from fault and real or apparent impending peril to life or limb, the court proceeded to give instructions as to the necessity to retreat, and in doing so said:

"A person must retreat if they can do so without placing themselves at a disadvantage, or without increasing their danger. You see, in order for a person to invoke the doctrine of self-defense, they must not have brought on the difficulty, they must be in real or apparent danger, and they must be unable to get away without a disadvantage to themselves. Unless all these circumstances exist, a person cannot take life in order to save themselves. If they do not provoke the difficulty and are not in danger of great injury to themselves, if they can get away without increasing their danger, then the law says they must do it."

The defendant excepted to that part of the charge as to the necessity for retreat. The charge places too great a burden on the defendant. The rule is that if there is open to the defendant a reasonably safe mode of escape, without apparently increasing his peril, it becomes his duty to retreat, and not otherwise. Love v. State, 17 Ala. App. 149, 82 So. 639; Oldacre v. State, 196 Ala. 690, 72 So. 303; Vaughn v. State, 17 Ala. App. 383, 84 So. 879. But in the recent case of Solon Grubbs v. State (8 Div. 759), 213 Ala. 576, 105 So. 583, considering excerpts from a charge similar to those under consideration here, it was held that such expressions merely needed amplification, to be given upon request of defendant, failing which the excerpts would not constitute reversible error. Whatever may have been the former holding on this subject, this is now the law, and under the statute we follow it.

There was much testimony offered by defendant tending to show threats, former difficulties between defendant and deceased, the physical condition of defendant at the time of these previous difficulties, and the physical condition of defendant at the time of the killing. There are so many of these exceptions, as that a detailed discussion of each would extend this opinion to undue length. We content ourselves with a general statement of the law, which should be a sufficient guide upon another trial.

[3] After evidence had been admitted tending to prove self-defense, threats made by deceased against defendant of which she had knowledge are admissible. Jones v. State, 181 Ala. 63, 61 So. 434; Langham v. State, 12 Ala. App. 46, 68 So. 504. The trial court properly admitted all of this testimony tending to prove that on various prior occasions deceased had made threats of various kinds against the life of defendant.

[4, 5] It was also competent to admit testimony that there had been previous difficulties between the parties, but it would not be admissible that on former occasions deceased had "beat her." Hutcherson v. State, 165 Ala. 16, 50 So. 1027. But evidence which tends to show the general nature of the former difficulty, which does not go into details or merits, is relevant and admissible. Watts v. State, 177 Ala. 24, 59 So. 270.

[6] After evidence of self-defense had been admitted, the court should have allowed the defendant to prove her physical condition and that she was pregnant, of which fact deceased had knowledge. Watts v. State, 177 Ala. 24, 59 So. 270; 8 Mich. Dig. 249, par. 123.

[7] The refused charges set out in the record will not be considered, for the reason that it appears that certain written charges requested by defendant were given, and are not in the record, and it will be presumed that the given charges covered in substance all of those charges which were refused. Milligan v. State, 208 Ala. 223, 94 So. 169.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

#### On Rehearing.

Opinion extended.   Application overruled.