## CLEMMONS v. STATE. (8 Div. 31.)

Supreme Court of Alabama. May 17, 1928.

1. **Homicide** ⬅️300(15)—**In murder prosecution, instruction on self-defense held not objectionable, as not requiring reasonable mode of escape.**

In prosecution for murder, instruction on self-defense taken as whole *held* to answer fully criticism that it did not require reasonable avenue or mode of escape.

2. **Homicide** ⬅️151(3)—**Instruction on self-defense placing burden on defendant of showing that he had no reasonable mode of escape held correct.**

In prosecution for murder, instruction on self-defense placing burden on defendant of going forward with evidence showing or tending to show that he was in danger of suffering grievous bodily harm, and that he had no reasonable mode of retreat, *held* correct.

3. **Homicide** ⬅️118(1)—**"Reasonable mode of escape" is one known or apparent to defendant at time under such circumstances that he can avail himself of it without increasing peril.**

To constitute "reasonable mode of escape," mode of escape must be known or apparent to defendant at time, and circumstances must be such that he can avail himself of it without increasing his peril.

Certiorari to Court of Appeals.

Pat Clemmons was convicted of murder in the second degree and appealed to the Court of Appeals. The judgment of conviction being there affirmed, defendant now applies for certiorari to the Court of Appeals to review and revise its said judgment and decision in Clemmons v. State, 116 So. 910. Writ denied.

W. W. Callahan, of Decatur, for petitioner.

Unless the mode of escape was known or apparent to defendant, and the circumstances were such that he could not avail hmiself of it without increasing his peril, it cannot be said that he had a reasonable mode of escape. The oral charge is in error. Oldacre v. State, 196 Ala. 690, 72 So. 303; Carroll v. State, 12 Ala. App. 69, 68 So. 530; Love v. State, 17 Ala. App. 149, 82 So. 639; Kirkland v. State, 141 Ala. 45, 37 So. 352; Keith v. State, 97 Ala. 32, 11 So. 914; McClusky v. State, 209 Ala. 611, 96 So. 925; Carter v. State, 82 Ala. 13, 2 So. 766; Shell v. State, 88 Ala. 14, 7 So. 40; 18 A. L. R. 1280; 1 Mayfield's Dig. 84, 87; 30 C. J. 68; Pugh v. State, 132 Ala. 1, 31 So. 727; Allen v. U. S., 164 U. S. 492, 17 S. Ct. 154, 41 L. Ed. 528; 13 R. C. L. 824; 96 Minn. 318, 104 N. W. 971, 2 L. R. A. (N. S.) 49, 58, 66. Charge 9 was erroneously refused. Davis v. State, 214 Ala. 273, 107 So. 737.

Charlie C. McCall, Atty. Gen., for the State.
Brief did not reach the Reporter.

BROWN, J. The trial court dealing with the subject of self-defense in the oral charge instructed the jury that:

"Self-defense has three constituent elements. * * * First, the defendant must not have provoked the difficulty. He must not have done anything or said anything to have provoked the difficulty. Next, he must have been in real or apparent danger of suffering death or grievous bodily harm. Third, there must not have been any *reasonable* mode of retreat without increasing his danger. Defendant must retreat if he can do so without increasing his danger. To excuse a failure to retreat it is necessary that the defendant's peril would be increased, or that it *reasonably appeared* that it would be increased by retreat. Now those are the three elements. First, the defendant must be without fault in bringing on the difficulty; he must be in real or apparent danger of suffering death or grievous bodily harm; and he must retreat *if there is a reasonable mode of retreat.*

"Now, gentlemen, whether or not the defendant was at fault in bringing on the difficulty is a question in regard to the deceased, whether or not he was at fault in bringing on the difficulty with Carter Stanford, the decedent. Now, that is a matter for you to decide upon all the facts and circumstances of the case. It is not a question whether or not he was at fault in some previous difficulty with somebody else, but the question with you to determine is whether or not the defendant here was at fault in bringing on the difficulty with the deceased, Carter Stanford.

"Now, the burden is on the state *to reasonably satisfy the jury* that the defendant was at fault in bringing on the difficulty.

"Now, the burden is on the defendant, however, of going forward with the evidence showing or tending to show that he was in danger of suffering grievous bodily harm, and that he had no *reasonable mode of retreat.* Now gentlemen, this danger must not necessarily be a real danger, but it may be an apparent danger. If a man is in real danger that would be sufficient so far as that element is concerned, but if a reasonable man, situated like the defendant was, would reasonably believe that he was in danger, and if defendant bona fide believed he was in danger, then the law permits him to act under those circumstances the same as if he was in real danger, but it requires, gentlemen, for those two elements to be present. He must be either in real or apparent danger, and the apparent danger must be as I have defined it to you, and, third, gentlemen, the law requires a man to retreat if he can do so without increasing his peril. You cannot kill a man if there is a reasonable mode of retreat without increasing your peril."

The excerpt upon which defendant's second exception is based was, "Defendant must retreat if he can do so without increasing his peril;" three, "He must retreat if there is a reasonable mode;" and the seventh, "The law requires a man to retreat if he can do so without increasing his peril."

Appellant's criticism of the court's charge

is best stated in the language of appellant's able counsel:

"We feel it is not necessary to go into a detailed discussion of each one of these exceptions, and may well confine ourselves to exceptions Nos. 2, 3, and 7. Exceptions 2 and 7 assert the doctrine that the law required the defendant to retreat if he could do so without increasing his peril, whether the mode was reasonable or otherwise, known or unknown to him, or whether a reasonably prudent man so situated would or should have known of such mode. And exception No. 3 places the duty on him to retreat if there was a reasonable mode in existence at the time, known or unknown, and whether he could have done so without increasing his peril or not. The court repeatedly made these statements, then, to make defendant's situation more burdensome, the court told the jury the burden was on the defendant to go forward with evidence showing or tending to show that he had no reasonable mode of retreat, not that he had no reasonable mode of retreat open or known to him, but to show that there actually was none. These parts of the court's oral charge confessedly put an unreasonable burden on the defendant, and one, in our judgment, not supported by either reason or authority. To require the defendant before he can set up self-defense to retreat, whether there is a reasonable mode or not, or whether he knows of such mode of retreat, or whether a reasonably prudent man so situated would have known of it, is abhorrent to a just mind. If that is to be the course of administration of the law of self-defense in this state, we might as well do away with the law of self-defense. The court under the exceptions here under consideration made no exceptions and no explanations, but laid down the doctrine that such burden was on the defendant, not to show that there was no reasonable mode, but to show that there actually was no mode, reasonable or unreasonable, visible or obscure. Under these parts of the oral charge objected to, the jury was told that the defendant must retreat, 'if he could do so without increasing his peril.' So his self-defense was gone. If, on the trial, in the quietude of the courtroom, it is ascertainable or made to appear that at the time he acted he could, by some unknown mode to him, or by a mode that would not have been known to a reasonable man so situated, have retreated without increasing his peril, then his self-defense is gone."

[1, 2] While the quoted excerpt from the court's charge cannot be approved in so far as it deals with the burden resting on the state to show that defendant was not free from fault, taken as a whole, it fully answers the criticism that it did not require a reasonable avenue or mode of escape, and, in so far as it puts upon the defendant the burden of negativing a reasonable and safe avenue of escape, it correctly states the law. Stitt v. State, 91 Ala. 10, 8 So. 669, 24 Am. St. Rep. 853; Cleveland v. State, 86 Ala. 1, 5 So. 426; Gibson v. State, 89 Ala. 121, 8 So. 98, 18 Am. St. Rep. 96.

[3] Unless this mode of escape was known or apparent to the defendant at the time, and the circumstances were such that he could avail himself of it without increasing his peril, it cannot be said that he had a reasonable mode of escape. Carroll v. State, 12 Ala. App. 69, 68 So. 530. Yet the failure or refusal of the court to amplify the instructions given, by further oral instructions, does not constitute error. Oldacre v. State, 196 Ala. 690, 72 So. 303.

The other questions were fully and correctly treated by the Court of Appeals.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.