Alaric O'Neal Kyser was indicted for the murder of Kenya Shepard but convicted of manslaughter and sentenced to ten years' imprisonment. Two issues are raised on this appeal from that conviction. *Page 70 
 I
The trial judge's charge that the appellant had a duty to retreat if he could have retreated "without unreasonably endangering himself" was improper because "unreasonable endangerment" is not the proper standard under the common law of this state and especially under our Criminal Code.
Before the adoption of Alabama's new Criminal Code, a defendant claiming self-defense had the burden of going forward with evidence showing that he had no reasonable mode of retreat without increasing his apparent danger. Clemmons v. State,217 Ala. 519, 116 So. 913 (1928); Brewington v. State, 19 Ala. App. 409,411, 97 So. 763 (1923) ("apparently reasonable opportunity for safe escape by flight"). "The law is that, if the defendant could have retreated without increasing his peril, then it was his duty to have done so rather than to have killed deceased, although he could not have so retreated with absolute safety to his person, . . ." Keef v. State, 10 Ala. App. 13, 15,64 So. 513 (1915). In Keef, a requested charge was properly refused which might have "misled [the jury] into believing that, if by retreating the defendant would have received some slight injury to his person, then he was relieved of the necessity of retreating." 10 Ala. App. at 15.
A requested charge that a defendant has no duty to retreat if he "could not have escaped without increasing his danger to life or great bodily harm, or avoided the impending peril of retreat with reasonable prospects of safety" is properly refused.
 "This charge is further bad for the reason that, . . . it authorized defendant to stand his ground unless he could have 'retreated with reasonable prospects of safety.' The law is that he should have retreated unless to have attempted retreat would have increased his peril. It may well be that a retreat which does not offer reasonable prospect of safety would yet not increase the peril of the party assailed." Pugh v. State, 132 Ala. 1, 31 So. 727, 728 (1902).
A charge that the "accused was under no duty to retreat, unless he could have done so without endangering his life or limb" is "patently bad." Underwood v. State, 179 Ala. 9, 60 So. 842,843, 846 (1912).
In Hill v. State, 194 Ala. 11, 69 So. 941, 947 (1915), a requested charge was held to have been properly refused because it sought to "erroneously declare the rule of retreat to be inability to retreat with safety." "One must retreat . . . unless he would thereby increase his peril, or it reasonably appears that his peril would be thereby increased." Bigham v.State, 203 Ala. 162, 164-5, 82 So. 192 (1919).
A defendant has no duty to reasonably endanger himself in seeking to retreat. The term "reasonable endangerment" presupposes that a real, and not an apparent, danger exists. See D.D. Bean Sons Co. v. Consumer Product Safety Commission,574 F.2d 643, 651 (1st Cir. 1978) ("The statutory term 'unreasonable risk' presupposes that a real, and not a speculative, risk be found to exist. . . ."). See also Oldacrev. State, 196 Ala. 690, 72 So. 303, 304 (1916) ("The right to kill in self-defense does not arise until the defendant has offered or attempted to retreat, or to decline the offered combat, provided, however, there be open to him a reasonably safe mode, and that retreat would not increase his danger.").
More importantly, the trial judge's instruction on "unreasonable endangerment" in retreating was improper under Alabama's new Criminal Code. Section 13A-3-23(b) provides that "a person is not justified in using deadly physical force upon another person if it reasonably appears or he knows that he can avoid the necessity of using such force with complete safety:
(1) By retreating." (Emphasis added.) This is a different standard than that found in the case law and common law of this state before the Criminal Code. "[R]etreat is not required unless the actor determines that he will need to use deadly force to defend himself if he stands his ground, and even then retreat is only a requisite if the actor knows that he can avoid the need to use force with complete safety by retreating." Model Penal Code *Page 71 
and Commentaries § 3.04 (1985) (emphasis in original). See also W. LaFave and A. Scott, 1 Substantive Criminal Law 661 (1986).
 II
The error in this improper charge was not properly preserved. In his initial oral charge to the jury, the trial judge charged on the law of self-defense but did not instruct on the principles of retreat. After the prosecutor objected to the charge because of this omission, the jury was returned to the courtroom and instructed on the law of retreat. Then the following exchange was had:
 "MR. POOL [Defense Counsel]: We do take exception to the Court singling out one particular element of the defense of self-defense as it provided for this jury an unreasonable weight among that particular element of self-defense. We would also take exception to the Court not completely informing the jury as to self-defense with respect to the knowledge on behalf of the defendant when making a decision as to whether or not retreat is necessary. I am looking for which jury charge that is that I have.
 "THE COURT: I frankly don't believe that you have got such a charge.
 "MR. POOL: Yes, sir, Judge, it's charge number 22. If I can reword it — I think I may have worded it wrong.
"THE COURT: All right.
 "MR. POOL: Well, I have got a 'not' in there where I don't want it, Judge. On 22, the second sentence, I would ask the Court to charge the jury on the first sentence and the second sentence, and in the second sentence where it says a person is not, I would ask the Court to leave out the 'not' and charge a person is however justified in using deadly physical force upon another person if it reasonably —
"THE COURT: You better leave the 'not' in there.
 "MR. JAMES [Assistant District Attorney]: Judge, I would object to the giving of this further charge, and I believe that the Court h[a]s satisfactorily covered it.
 "THE COURT: I think I have covered it. I said if he reasonably believes that he could withdraw without causing any undue harm to himself.
 "MR. POOL: Yes, sir. I would take exception to the Court not charging 22.
"THE COURT: Thank you. I think I did."
The appellant's requested charge number 22 stated:
 "I charge members of the jury however that a person may use deadly physical force in defending himself under these circumstances if he also reasonably believes that such other person is using or about to use unlawful deadly physical force. A person is not, however, justified in using deadly physical force upon another person if it reasonably appears, or if he knows th[a]t he can avoid the necessity of using such force with complete safety by retreating." (Emphasis added.)
Omitting the word "not" from the second sentence of this charge, as requested by defense counsel, produces an incorrect statement of the legal principle involved.
While this charge, as written, contains correct principles of law found in Alabama Code 1975, § 13A-3-23(a) and (b), it is an improper requested charge because it is incomplete and presupposes that the appellant did not provoke the use of unlawful physical force by the victim and was not the initial aggressor. See § 13A-3-23(c). Harrison v. State, 144 Ala. 20,40 So. 568 (1906); Oldacre v. State, 196 Ala. 690, 72 So. 303
(1916). "Statements of law in judicial opinions are not always proper for jury instructions in other cases. . . . Lifting language from an opinion and embodying it in a written charge does not of itself make it a correct instruction to the jury."Knight v. State, 273 Ala. 480, 490, 142 So.2d 899 (1962) (citations omitted). These same principles apply to abstract statements of law found in statutes.
"[T]he proper procedure for objecting to the court's charge under Rule 14 [A.R.Cr.P.Temp.] and Rule 51 [A.R.Civ.P.] is to state the matter to which the party objects *Page 72 
and the grounds of his objection." Matkins v. State,497 So.2d 201, 202 (Ala. 1986).
Here, defense counsel never stated the proper grounds for his objection. Ex parte Johnson, 433 So.2d 479, 480 (Ala. 1983). He requested the trial court to give an erroneous written charge and then attempted to verbally modify a correct principle contained in that charge which rendered the principle incorrect. Defense counsel never specifically informed the trial judge that the judge had placed an improper burden on the defendant in proving retreat. See Cosby v. State, 269 Ala. 501,505, 114 So.2d 250 (1959); Clemmons v. State, 217 Ala. 519,520, 116 So. 913 (1928) (The burden is on the defendant of going forward with the evidence showing that he had no reasonable mode of retreat without increasing his peril.).
Even in the motion for new trial defense counsel failed to identify the actual error in the oral charge. The pertinent grounds of the motion for new trial stated:
 "6. That the Court erred by bringing the jury back from the deliberation room to charge them as to one aspect of self-defense, the duty to retreat.
 "7. That by singling out the one aspect of self-defense, the duty to retreat, the Court erred in giving too much weight and emphasis to that aspect of the charge and thereby wrongfully influenced the jury."
* * * * * *
 "9. That the Court erred by refusing to charge the jury with the defendant's written requested charges."
"If parts of the charge are objectionable, it is incumbent upon the defendant to specifically point out the objectionable parts." Fuller v. State, 269 Ala. 312, 324, 113 So.2d 153
(1959), cert. denied, Fuller v. Alabama, 361 U.S. 936,80 S.Ct. 380, 4 L.Ed.2d 358 (1960) (emphasis added). If any part of an instruction is bad, the accused has a duty, in objecting, to separate the bad part from the good. Treadwell v. State,168 Ala. 96, 53 So. 290, 292 (1910). "The reason for our rule that the exception be specific is to allow the judge to correct his error, if any, and to do so his approximate language should be quoted to him." Orr v. State, 40 Ala. App. 45, 57, 111 So.2d 627
(1958), affirmed, 269 Ala. 176, 111 So.2d 639 (1959). "An objection to an oral charge must be specific and must clearly delineate the perceived defect. . . . An objection on one ground waives all others. . . . A defendant is bound by the grounds of objection he stated at trial and may not expend those grounds on appeal." Davis v. State, 440 So.2d 1191, 1194
(Ala.Cr.App. 1983), cert. denied, 465 U.S. 1083,104 S.Ct. 1452, 79 L.Ed.2d 770 (1984) (citations omitted). "The defendant cannot raise on appeal an objection to an instruction which she failed to raise below." United States v. Barker, 735 F.2d 1280,1281 (11th Cir.), cert. denied, 469 U.S. 933, 105 S.Ct. 329,83 L.Ed.2d 266 (1984). Although defense counsel informed the trial judge that his oral charge was improper, he never told the judge the reason for the impropriety. Consequently, nothing is preserved for review.
 III
The trial judge ordered the appellant to pay $12,050.53 in restitution to the victims of his crime. Although we find no objection in the record to this matter, the appellant now argues that since his manslaughter conviction is the equivalent of a " wrongful death" action under Alabama Code 1975, §6-5-410; since only punitive damages are allowed in a wrongful death action, Merrell v. Alabama Power Co., 382 So.2d 494 (Ala. 1980); since "the special damages that the victim is entitled to . . . [under Alabama's Restitution to Victims of Crime Act, § 15-18-65 et seq.] are limited to an amount which fully compensates the victim, and these damages may not be punitive in nature," Ex parte Clare, 456 So.2d 357, 358 (Ala. 1984); then, an order of restitution resulting from a manslaughter conviction is punitive only and therefore prohibited.
This argument is based on the false premise that a criminal prosecution for manslaughter and a civil suit for wrongful death are identical remedies. They are not. Watson v. Adams,187 Ala. 490, 65 So. 528, *Page 73 
532 (1914). A wrongful death action "is civil, not penal or quasi criminal." Id. "[A]ny action permissible under our wrongful death acts must in nature be in tort." Geohagan v.General Motors Corp., 291 Ala. 167, 170, 279 So.2d 436 (1973).
Here, the restitution constituted compensatory damages for burial expenses and for medical expenses and lost wages suffered by the deceased's mother, father, and brother. "The particular amount of restitution is a matter which must of necessity be left almost totally to the discretion of the trial judge. That discretion should not be overturned except in cases of clear and flagrant abuse. Such abuse is not present in this case." Clare v. State, 456 So.2d 355, 356 (Ala.Cr.App. 1983), affirmed, Ex parte Clare, 456 So.2d 357 (Ala. 1984).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.